113 T.C. No. 8

UNITED STATES TAX COURT

IVAN AND BETTY LEE TURNER GATI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3730-99.                        Filed August 11, 1999.


On Aug. 13, 1998, R mailed a final determination
letter to Ps denying their request for abatement of
interest for the taxable year 1978.  On Feb. 17, 1999,
Ps filed an imperfect petition for review with the
Court under sec. 6404(g), I.R.C.

<u>Held</u>:  This case will be dismissed for lack of
jurisdiction on the ground that the petition was not
filed with the Court within the 180-day period
prescribed in sec. 6404(g)(1), I.R.C.


Ivan and Betty Lee Turner Gati, pro se.

<u>Pamela Wilson Fuller</u> and <u>Oleida Mendiburt</u>, for respondent.

OPINION

DAWSON, Judge:  This case was assigned to Chief Special Trial Judge Peter J. Panuthos pursuant to Rules 180, 181, and 183.  Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge:  This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction.  The question presented is whether the petition was filed within the 180-day period prescribed in section 6404(g)(1). (Section 6404(g) was redesignated section 6404(i) under the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, secs. 3305(a) and 3309(a), 112 Stat. 743, 745, effective with respect to tax years beginning after December 31, 1997.)

Background

On August 13, 1998, respondent mailed a final determination letter to petitioners denying their request for an abatement of interest for the taxable year 1978.  The final determination

letter was mailed to petitioners at 47 Halstead Avenue, Harrison, NY 10528 (the Halstead Avenue address).

On February 17, 1999, petitioners filed an imperfect petition for review of respondent's failure to grant their request for abatement of interest. The petition arrived at the Court in an envelope bearing a U.S. Postal Service postmark date of February 15, 1999. At the time the petition was filed, petitioners resided at the Halstead Avenue address.

In response to the petition, respondent filed a Motion to Dismiss for Lack of Jurisdiction asserting that the petition was not filed within the 180-day period prescribed in section 6404(g)(1). Respondent provided the Court with a copy of Postal Service Form 3877 as proof that the final determination letter was mailed to petitioners on August 13, 1998. Petitioners filed an objection to respondent's motion to dismiss asserting that respondent had unreasonably delayed in denying their request for abatement and that they should not be denied their day in court.

This matter was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared at the hearing and presented argument in support of the pending motion. Petitioners filed a written statement with the Court pursuant to Rule 50(c) and no appearance was made on their behalf at the hearing.

Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. See Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

Section 6404(g), enacted by section 302(a) of the Taxpayer Bill of Rights 2, Pub. L. 104-168, 110 Stat. 1452, 1457 (1996), prescribes the Court's jurisdiction to review the Commissioner's failure to grant a taxpayer's request for abatement of interest. Section 6404(g) provides in pertinent part:

> SEC. 6404(g). Review of Denial of Request for Abatement of Interest.--
>
> (1) In general.--The Tax Court shall have jurisdiction over any action brought by a taxpayer who meets the requirements referred to in section 7430(c)(4)(A)(ii) to determine whether the Secretary's failure to abate interest under this section was an abuse of discretion, and may order an abatement, if such action is brought within 180 days after the date of the mailing of the Secretary's final determination not to abate such interest.
>
> (2) Special rules.--
>
> (A) Date of mailing. Rules similar to the rules of section 6213 shall apply for purposes of determining the date of the mailing referred to in paragraph (1).

Consistent with section 6404(g)(1), the Court's jurisdiction is dependent upon a valid final determination letter and a timely filed petition for review. See Rule 280(b); White v. Commissioner, 109 T.C. 96, 98 (1997); Banat v. Commissioner, 109

T.C. 92, 95 (1997). In addition, the taxpayer must meet the requirements of section 7430(c)(4)(A)(ii). See Rule 280(b)(2).

The Commissioner's final determination letter "is a prerequisite to the Court's jurisdiction and serves as a taxpayer's 'ticket' to the Tax Court". Bourekis v. Commissioner, 110 T.C. 20, 26 (1998); see Kraft v. Commissioner, T.C. Memo. 1997-476. Consistent with principles applied in deficiency cases brought under section 6213(a), it is sufficient for jurisdictional purposes if the Commissioner mails the final determination letter to the taxpayer's "last known address". See, e.g., Frieling v. Commissioner, 81 T.C. 42, 52 (1983). Further, if a final determination letter is mailed to the taxpayer's last known address, actual receipt of the letter is immaterial. See, e.g., King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987). The taxpayer, in turn, has 180 days from the date the final determination letter is mailed to file a petition for review with the Court. See sec. 6404(g)(1).

There is no dispute in this case that respondent mailed the final determination letter to petitioners on August 13, 1998. In addition, petitioners do not contend that respondent failed to mail the final determination letter to their last known address. Accordingly, the 180-day filing period prescribed in section 6404(g)(1) expired on Tuesday, February 9, 1999, a date that was

not a legal holiday in the District of Columbia.  However, the petition was not mailed to the Court until February 15, 1999, and was received and filed by the Court on February 17, 1999. Because the petition was not timely filed, we must dismiss this case for lack of jurisdiction.  See Rule 280(b).

To reflect the foregoing,

<u>An order will be entered granting respondent's Motion to Dismiss for Lack of Jurisdiction</u>.