128 T.C. No. 2

UNITED STATES TAX COURT

THEODORE C. AND DENISE M. SCHWARTZ, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2914-06L.                    Filed February 14, 2007.

        Pursuant to sec. 6330(d), I.R.C., Ps filed a
petition challenging R's determination to proceed with
collection.  Ps elected to have this case conducted
under the small tax case procedures authorized by sec.
7463, I.R.C.  The unpaid income tax involved is for the
1997-2003 years.  The unpaid tax for any single year
does not exceed $50,000, but the total tax for all
years exceeds $150,000.

        Held:  Sec. 7463(f)(2), I.R.C., provides that a
sec. 6330, I.R.C., collection case petitioned to this
Court is eligible to be conducted under the small tax
case procedures "in the case of * * * a determination
in which the unpaid tax does not exceed $50,000."  The
total unpaid tax in this case with respect to which R
determined to take collection action exceeds $50,000,
and, therefore, the case is not eligible to be
conducted under the small tax case procedures provided
in sec. 7463, I.R.C.

Theodore C. and Denise M. Schwartz, pro sese.

Michele E. Craythorn, for respondent.


OPINION


RUWE, Judge:  This case is before the Court for judicial review of a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (determination letter). The petition was filed pursuant to section 6330(d).[1]  Petitioners requested that this case be conducted under section 7463, which provides for what are commonly referred to as "small tax case" or "S case" procedures.  There was no objection to this request, and the case was designated and tried as a small tax case under section 7463.

Section 7463 generally allows disputes in small tax cases to be decided in proceedings in which the normally applicable procedural and evidentiary rules are relaxed.  For example, Rule 174(b) provides:  "Trials of small tax cases will be conducted as informally as possible consistent with orderly procedure, and any evidence deemed by the Court to have probative value shall be admissible."  Tax Court decisions in small tax cases cannot be appealed.  Sec. 7463(b).

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

For a case to qualify as a small tax case under section 7463, the amount involved may not exceed a specified dollar amount. This amount is generally expressed as $50,000. However, as later explained, the $50,000 limit is expressed in different statutory language, depending on the type of tax in issue (e.g., income, estate, or gift) and the type of proceeding (e.g., deficiency cases, section 6015(e) spousal relief cases, or section 6330 collection proceedings).

Section 7463 procedures are available in a section 6330 collection case where the taxpayer challenges the Commissioner's collection determination "in which the unpaid tax does not exceed $50,000." Sec. 7463(f)(2). In posttrial filings, the parties agree that the following amounts of unpaid income tax are involved in this section 6330 collection case:

| Year | Unpaid Balance of Tax[1] |
|------|--------------------------|
| 1997 | $2,052.96 |
| 1998 | 12,861.03 |
| 1999 | 27,040.65 |
| 2000 | 20,154.68 |
| 2001 | 37,315.70 |
| 2002 | 30,729.60 |
| 2003 | 23,566.81 |
| Total | 153,721.43 |

[1]These amounts include interest and penalties. Interest and penalties are generally treated as tax, and any reference in the Internal Revenue Code to "tax" (with exceptions not applicable to this case) shall be deemed to include interest and penalties. Secs. 6601(e)(1), 6665(a). These are the amounts stated in the Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing, dated June 7, 2005. The determination letter upholding the proposed levy to collect this unpaid tax was issued on Jan. 3, 2006.

Because the total unpaid tax exceeds $50,000, but the tax for any single year in issue is less than $50,000, we ordered the parties to file responses to the question of whether this case could be decided as a small tax case pursuant to section 7463. Respondent and petitioners both took the position that it was appropriate to proceed pursuant to section 7463 because the unpaid tax for any single year was less than $50,000.[2] Nevertheless, because this issue concerns the Court's authority to proceed under section 7463 and is in the nature of a jurisdictional question,[3] we will

---

[2] Respondent's response filed Jan. 16, 2007, states: "Respondent's National Office has approved the position taken in this Statement." Shortly after the trial, the Court became aware of a motion that the Commissioner had filed in an unrelated case, docket No. 17199-06S, where he took the position that a collection case brought pursuant to sec. 6330(d) could not proceed under the small tax case procedures of sec. 7463 because the total unpaid tax for the years in issue exceeds $50,000 even though the unpaid tax for each separate year was less than $50,000. The Commissioner has recently withdrawn the motion in that case.

[3] We have previously referred to the dollar limits in sec. 7463 as "the jurisdictional maximum for a small tax case". Kallich v. Commissioner, 89 T.C. 676, 681 (1987); Page v. Commissioner, 86 T.C. 1, 13 (1986). While there is no question that we have jurisdiction to decide whether the proposed sec. 6330 collection action is appropriate, there is a question whether we can proceed to decide this matter as a small tax case under sec. 7463. Sec. 7463(c), Limitation of Jurisdiction, prohibits decisions in excess of the prescribed amounts. Sec. 7463(d), Discontinuance of Proceedings, provides for discontinuance of proceedings under sec. 7463 where the amount placed in dispute "exceeds the applicable jurisdictional amount". Appellate court jurisdiction is also affected because a decision in a case decided under the sec. 7463 procedures is final and may not be reviewed by a Court of Appeals. Sec. 7463(b).

decide whether the Court has the authority to decide this case pursuant to the small tax case provisions of section 7463.

Section 7463(a) allows the small tax case procedures to be used for cases

> filed with the Tax Court for a <u>redetermination of a deficiency</u> where neither the amount of the deficiency placed in dispute, nor the amount of any claimed overpayment, exceeds--
>
>> (1) $50,000 for any one taxable year, in the case of the taxes imposed by subtitle A,
>>
>> (2) $50,000, in the case of the tax imposed by chapter 11,
>>
>> (3) $50,000 for any one calendar year, in the case of the tax imposed by chapter 12, or
>>
>> (4) $50,000 for any 1 taxable period (or, if there is no taxable period, taxable event) in the case of any tax imposed by subtitle D which is described in section 6212(a) (relating to a notice of deficiency) * * * [Emphasis added.]

Prior to December 21, 2000, there was no statutory authority for utilizing the small tax case procedures for section 6330 collection cases. However, effective December 21, 2000, the Community Renewal Tax Relief Act of 2000, Pub. L. 106-554, sec. 313(b)(1), 114 Stat. 2763A-642, added section 7463(f), which provides:

> SEC. 7463(f). Additional Cases in Which Proceedings May Be Conducted Under This Section.--At the option of the taxpayer concurred in by the Tax Court or a division thereof before the hearing of the case, proceedings may be conducted under this section (in the same manner as a case described in subsection (a)) in the case of--

(1) a petition to the Tax Court under section 6015(e) in which the amount of relief sought does not exceed $50,000, and

(2) an appeal under section 6330(d)(1)(A) to the Tax Court of a determination in which the unpaid tax does not exceed $50,000.[4]

Section 7463(f)(2) is the provision that controls whether the instant section 6330 collection case qualifies under the small tax case procedures.

The difference between the expressions of the dollar limit in subsections (a) and (f) of section 7463 presents the issue that confronts us. Subsection (a) deals with deficiency cases where a petition is filed on the basis of a notice of deficiency. A deficiency notice and a petition can encompass a number of tax years or periods. For example, a deficiency case might involve 3 taxable years where the amount of the tax deficiency in dispute is $40,000 per year. Such a case would be eligible for small tax case treatment because the amount of the deficiency placed in dispute does not exceed "$50,000 for any one taxable year". Sec. 7463(a)(1). However, a section 6330 collection case is not a

---

[4] Sec. 6330(d) was amended by the Pension Protection Act of 2006, Pub. L. 109-280, sec. 855(a), 120 Stat. 1019, for determinations made after the date which is 60 days after Aug. 17, 2006. As a result, the amendment eliminated subsec. (d)(1)(A). However, the reference to subsec. (d)(1)(A) in sec. 7463(f)(2) was not changed. The amendment does not affect this case because the determination was made on Jan. 3, 2006.

case for "redetermination of a deficiency".[5] Rather, a section 6330 collection case deals with the propriety of collecting tax that has already been assessed. Because, as in this case, the tax has already been assessed when the section 6330 collection procedures are initiated, there is no deficiency in existence when the proposed collection action is initiated.[6]

---

[5] Sec. 6211(a), Definition of a Deficiency, provides:

SEC. 6211(a). In General.--For purposes of this title in the case of income, estate, and gift taxes imposed by subtitles A and B and excise taxes imposed by chapters 41, 42, 43, and 44 the term "deficiency" means the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44 exceeds the excess of--

(1) the sum of

(A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

(B) the amounts previously assessed (or collected without assessment) as a deficiency, over--

(2) the amount of rebates, as defined in subsection (b)(2), made.

Sec. 6213 generally requires the issuance of a notice of deficiency before assessment and collection of a deficiency. Sec. 6213 allows taxpayers to petition this Court in order to contest the Commissioner's deficiency determination. If they do so, assessment is generally prohibited before the Tax Court's decision becomes final. These cases are what we refer to as deficiency cases.

[6] In certain limited circumstances, the "underlying

(continued...)

Congress obviously recognized that section 7463(a) failed to encompass section 6330 collection cases when it enacted section 7463(f) to clarify that a section 6330 collection case can be litigated as a small tax case.[7]  However, in section 7463(f), Congress provided an articulation of the $50,000 limit for section 6330 collection cases that was different from that expressed in section 7463(a) for deficiency cases.  Section 7463(f) provides for the availability of the small tax case procedures in a section 6330 collection case challenging "a determination in which the unpaid tax does not exceed $50,000." The "determination" being appealed to the Tax Court referenced in section 7463(f) is the same determination referenced in section 6330(c) and (d).  In the instant case, the determination is that

---

[6](...continued)
liability" can be placed in issue in a sec. 6330 collection case. See sec. 6330(c)(2)(B).  However, the underlying liability is not a deficiency, and a sec. 6330 collection case is not a case for the redetermination of a deficiency within the meaning of sec. 7463(a).  This is why Congress added sec. 7463(f).  Petitioners have not attempted to contest the underlying liability in this case.

[7] In enacting sec. 7463(f), Congress also recognized the distinction between deficiency cases within the purview of sec. 7463(a) and cases petitioned under sec. 6015(e), in which taxpayers seek relief only from joint liability.  Cases brought under sec. 6015(e) have become known as "stand alone" cases because only the right to spousal relief is in issue.  See Fernandez v. Commissioner, 114 T.C. 324, 329 (2000).  Similarly, Congress has authorized the use of small tax case procedures in employment tax cases "if the amount of employment taxes placed in dispute is $50,000 or less for each calendar quarter involved." Sec. 7436(c).

of an Appeals officer to proceed with collection by levy with respect to petitioners' 1997 through 2003 unpaid income tax liabilities, which total more than $150,000.  The "case" referred to in section 7463(f) is the case before us in which petitioners are disputing respondent's determination to collect the unpaid tax.  Unlike the dollar limitation in section 7463(a) that refers to tax dollars in dispute for each year, period, or taxable event, the limitation in section 7463(f)(2) refers to the amount of unpaid tax involved in a section 6330 collection case.  The unpaid tax in the instant case far exceeds that $50,000 limitation.

Respondent argues:

While section 7463(f)(2) may on its face appear to suggest that the Court should consider the entire unpaid balance of tax in determining whether the unpaid tax exceeds $50,000.00, section 7463(f) provides, in pertinent part, "... proceedings may be conducted under this section (in the same manner as a case described in subsection (a))".

From this respondent concludes that the dollar limit in section 7463(f)(2) should be applied on a per-year basis as in deficiency cases controlled by section 7463(a).  The problem with this argument is that it is contrary to the plain meaning of the language in section 7463(f)(2).  The dollar limit is clearly expressed in terms of the "case" of "an appeal * * * to the Tax Court of a determination in which the unpaid tax does not exceed $50,000."  The dollar limit refers to the amount of unpaid tax

the collection of which is being challenged.  The dollar limit in section 7463(f)(2) is a condition that must be met before a section 6330 collection case can qualify to be conducted as a small tax case in the same manner as a case described in subsection (a).  If Congress had intended that the $50,000 limitation in subsection (f)(2) be applied to the amount of tax for each year, period, or taxable event, it surely knew how to do so; and it presumably would have used the same terminology as in section 7463(a).[8]

In interpreting a statute, our purpose is to give effect to Congress's intent.  Fernandez v. Commissioner, 114 T.C. 324, 329 (2000); see also Gati v. Commissioner, 113 T.C. 132, 133 (1999).  We begin with the statutory language.  Allen v. Commissioner, 118 T.C. 1, 7 (2002) (and cases cited therein).  Usually, the plain meaning of the statutory language is conclusive.  United States v. Ron Pair Enters., Inc., 489 U.S. 235, 242 (1989); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).  "When a statute appears to be clear on its face, there must be unequivocal evidence of legislative purpose before interpreting the statute so as to override the plain meaning of the words used therein."  Fernandez v. Commissioner, supra at 330; see also Huntsberry v.

---

[8] Sec. 7436, dealing with employment taxes, contains language similar to that of sec. 7463(a); i.e., the tax may not exceed $50,000 for each quarter in order for the case to qualify for small tax case procedures.  See supra note 7.

<u>Commissioner</u>, 83 T.C. 742, 747-748 (1984). If the statute is ambiguous or silent, we may look to the statute's legislative history to determine congressional intent. <u>Burlington N. R.R. v. Okla. Tax Commn.</u>, 481 U.S. 454, 461 (1987); <u>Fernandez v. Commissioner</u>, <u>supra</u> at 329-330.

As indicated, we believe that the relevant statutory language is clear. Neither party has cited any legislative history that is inconsistent with the plain language of the statute and we have found none. The parties have not argued that a literal application of section 7463(f)(2) produces an absurd result, and it is certainly not unreasonable for Congress to have articulated different dollar thresholds for different types of cases. Indeed, before the enactment of section 7463(f) in December 2000, there was no provision for using the small tax case procedure in section 6330 collection cases. We therefore hold that the $50,000 limit in section 7463(f)(2) refers to the total amount of unpaid tax which the Commissioner has determined to collect. The fact that the unpaid tax for each year, period, or taxable event does not exceed $50,000 is irrelevant.[9]

As previously indicated, a trial in this case has already been conducted. Ideally, removal of the small tax case designation should occur before trial. See Rule 171(c).

---

[9] We express no opinion on the application of the dollar limit contained in sec. 7463(f)(1) regarding cases under sec. 6015(e).

- 12 -

However, Congress foresaw the possibility that the parties and the Court might, at any time prior to entry of decision, discover that the relevant amount of tax exceeds the applicable jurisdictional amount.  Section 7463(d) thus provides:

> SEC. 7463(d).  Discontinuance of Proceedings.--At any time before a decision entered in a case in which the proceedings are conducted under this section becomes final, the taxpayer or the Secretary may request that further proceedings under this section in such case be discontinued.  The Tax Court, or the division thereof hearing such case, may, if it finds that (1) there are reasonable grounds for believing that the amount of the deficiency placed in dispute, or the amount of an overpayment, exceeds the applicable jurisdictional amount described in subsection (a), and (2) the amount of such excess is large enough to justify granting such request, discontinue further proceedings in such case under this section.  Upon any such discontinuance, proceedings in such case shall be conducted in the same manner as cases to which the provisions of sections 6214(a) and 6512(b) apply.

Section 7463(d) was enacted prior to section 7463(f) and does not reference section 6330 collection cases.  Nevertheless, the procedures for discontinuance of small tax case proceedings contained in section 7463(d) apply to "a case in which the proceedings are conducted under this section".  Since it is now apparent that this case does not qualify for small tax case treatment under section 7463, section 7463(d) provides a logical remedy.[10]

---

[10] Sec. 7436(c) provides for availability of sec. 7463 small tax case procedures in employment tax cases where the amount in dispute is $50,000 or less for each calendar quarter and provides for use of the discontinuance procedures in sec. 7463(d).  Sec.

(continued...)

The unpaid tax in this case is more than three times the $50,000 limit provided in section 7463(f)(2).  We have therefore removed the small tax case designation and discontinued the proceedings under section 7463.  We will take appropriate action so that proceedings in this case will be conducted in conformity with procedures applicable to section 6330 collection cases that are not designated as small tax cases under section 7463.

An appropriate order will

be issued.

---

[10](...continued)
7436(c)(3) provides:  "Rules similar to the rules of the last sentence of subsection (a), and subsections (c), (d), and (e), of section 7463 shall apply to proceedings conducted under this subsection."