129 T.C. No. 1

UNITED STATES TAX COURT

GILDA A. PETRANE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2011-07.                    Filed July 24, 2007.

        P filed a petition pursuant to sec. 6015(e),
I.R.C., seeking relief from R's determination to deny
spousal relief from unpaid joint tax liabilities for
the years 1996-2000 and 2002.  P requested that her
case be conducted under the small tax case procedures
authorized by sec. 7463(f)(1), I.R.C., "in the case of
* * * a petition to the Tax Court under section 6015(e)
in which the amount of relief sought does not exceed
$50,000".  On the date the petition was filed, the
amount of unpaid tax, interest, and penalties for which
P sought relief did not exceed $50,000 for any single
year, but the total of those amounts for all years
exceeded $50,000.

        <u>Held</u>:  The amount of relief sought for purposes of
sec. 7463(f)(1), I.R.C., includes the total amount of
tax, interest, and penalties, including accrued but
unassessed interest and penalties, for which relief is
sought in the petition calculated as of the date the
petition is filed.  The total amount of relief P seeks
exceeds $50,000.  Therefore, this case is not eligible

to be conducted under the small tax case procedures of
sec. 7463, I.R.C.

Sheryl D. King Richards, for petitioner.

Kristina L. Rico, for respondent.

OPINION

RUWE, Judge:  Petitioner timely filed a petition under
section 6015(e)[1] seeking review of respondent's final
determinations denying her relief from joint and several
liability under section 6015 for the tax years 1996, 1997, 1998,
1999, 2000, and 2002.  Petitioner requested that this case be
conducted under section 7463, which provides for "small tax case"
or "S case" procedures.  Section 7463 generally allows disputes
in small tax cases to be decided in proceedings in which the
normally applicable procedural and evidentiary rules are relaxed.
See Rule 174(b).  This Opinion addresses respondent's motion to
remove the small tax case designation (motion).  In his motion,
respondent argues that this section 6015(e) "stand-alone" case
fails to qualify as a small tax case because the aggregate amount
of relief being sought exceeds the $50,000 limit provided in

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.  The Tax Relief and Health
Care Act of 2006, Pub. L. 109-432, div. C, sec. 408, 120 Stat.
3061, amended sec. 6015(e)(1) and applies to all liabilities for
taxes arising or remaining unpaid on or after Dec. 20, 2006, the
date of enactment, and thus applies here.

section 7463(f)(1).[2]  Even though petitioner does not object to respondent's motion, this issue concerns the Court's authority to proceed under section 7463 and is in the nature of a jurisdictional question, which the Court may raise sua sponte at any time.[3]  See Schwartz v. Commissioner, 128 T.C. 6, 8 (2007); Stewart v. Commissioner, 127 T.C. 109, 112 (2006).

In Schwartz v. Commissioner, supra at 7, this Court explained:

> For a case to qualify as a small tax case under section 7463, the amount involved may not exceed a specified dollar amount.  This amount is generally expressed as $50,000.  However, as later explained, the $50,000 limit is expressed in different statutory language, depending on the type of tax in issue (e.g., income, estate, or gift) and the type of proceeding

---

[2] There are three potential avenues for seeking sec. 6015 spousal relief from joint liability in this Court.  First, a taxpayer may raise the matter as an affirmative defense in a petition for redetermination of a deficiency.  Qualification to proceed as a small tax case would be governed by sec. 7463(a).  Second, a taxpayer may request spousal relief in a sec. 6330 collection case.  Qualification to proceed as a small tax case would be governed by sec. 7463(f)(2).  Third, a taxpayer like petitioner may file a so-called stand-alone petition pursuant to sec. 6015(e) seeking spousal relief from joint and several liability on a joint return where the Commissioner has issued a final determination denying the taxpayer's claim for such relief or the Commissioner has failed to rule on the taxpayer's claim within 6 months of its filing.  Drake v. Commissioner, 123 T.C. 320, 323 (2004).  Qualification to proceed as a small tax case in this situation is governed by sec. 7463(f)(1).

[3] There is no question that we have jurisdiction to decide whether petitioner is entitled to sec. 6015 spousal relief.  The question is whether we have "jurisdiction" to proceed under the small tax case procedures of sec. 7463.  See Schwartz v. Commissioner, 128 T.C. 6, 8 n.3 (2007).

(e.g., deficiency cases, section 6015(e) spousal relief cases, or section 6330 collection proceedings).

Schwartz involved a section 6330 collection proceeding where the election to proceed as a small tax case was governed by section 7463(f)(2). The instant case involves a section 6015(e) spousal relief proceeding where the election to proceed as a small tax case is governed by section 7463(f)(1). Therefore, we must analyze the distinct language in section 7463(f)(1) applicable to section 6015(e) spousal relief cases.

Section 7463(f) provides:

> SEC. 7463(f). Additional Cases in Which Proceedings May Be Conducted Under This Section.--At the option of the taxpayer concurred in by the Tax Court or a division thereof before the hearing of the case, proceedings may be conducted under this section (in the same manner as a case described in subsection (a)) in the case of--
>
> (1) a petition to the Tax Court under section 6015(e) in which the amount of relief sought does not exceed $50,000, and
>
> (2) an appeal under section 6330(d)(1)(A) to the Tax Court of a determination in which the unpaid tax does not exceed $50,000.  [Emphasis added.]

In interpreting a statute, our purpose is to give effect to Congress's intent. Fernandez v. Commissioner, 114 T.C. 324, 329 (2000); see also Gati v. Commissioner, 113 T.C. 132, 133 (1999). We begin with the statutory language. Allen v. Commissioner, 118 T.C. 1, 7 (2002) (and cases cited thereat). Usually, the plain meaning of the statutory language is conclusive. United States

v. Ron Pair Enters., Inc., 489 U.S. 235, 242 (1989); Woodral v. Commissioner, 112 T.C. 19, 23 (1999). "When a statute appears to be clear on its face, there must be unequivocal evidence of legislative purpose before interpreting the statute so as to override the plain meaning of the words used therein." Fernandez v. Commissioner, supra at 330; see also Huntsberry v. Commissioner, 83 T.C. 742, 747-748 (1984). If the statute is ambiguous or silent, we may look to the statute's legislative history to determine congressional intent. Burlington N. R.R. v. Okla. Tax Commn., 481 U.S. 454, 461 (1987); Fernandez v. Commissioner, supra at 329-330.

We must decide what constitutes the "amount of relief sought" within the meaning of that phrase as contained in section 7463(f)(1). Respondent argues that the "amount of relief sought" within the meaning of section 7463(f)(1) includes the amount of paid or unpaid tax, interest, and penalties, including accrued but unassessed interest and penalties, for which the electing spouse is seeking relief under section 6015. While the phrase "amount of relief sought" is not statutorily defined, our analysis of the relief available under section 6015 supports respondent's position.

An electing spouse who qualifies for section 6015(b)(1) relief "shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to

the extent such liability is attributable to such understatement." Sec. 6015(b)(1) (emphasis added). Under section 6015(c)(1), a qualifying individual may elect relief from liability for the amount of any deficiency that exceeds the portion of the deficiency properly allocable to the electing individual. Hopkins v. Commissioner, 121 T.C. 73, 80 (2003). Section 6015(f) serves as a catchall for equitable relief should the requesting spouse not qualify under subsection (b) or (c). Section 6015(f) provides:

> SEC. 6015(f). Equitable Relief.--Under procedures prescribed by the Secretary, if--
>
> (1) taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either); and
>
> (2) relief is not available to such individual under subsection (b) or (c),
>
> the Secretary may relieve such individual of such liability. [Emphasis added.[4]]

Subsection (f) does not mention interest and penalties; however, interest and penalties are generally treated as tax, and any

---

[4] Subsecs. (b) and (c) of sec. 6015 apply only in the case of "an understatement of tax" or "any deficiency" in tax and do not apply in the case of underpayments of tax reported on joint tax returns. Sec. 6015(b)(1)(B) and (c)(1); Hopkins v. Commissioner, 121 T.C. 73, 88 (2003). Sec. 6015(f) applies to "unpaid tax". Petitioner is seeking relief from the unpaid taxes reported on joint returns plus interest and penalties. As a result, sec. 6015(f) provides the only potential relief available to petitioner.

reference in the Internal Revenue Code to "tax" (with exceptions not applicable to this case) shall be deemed to include interest and penalties. Secs. 6601(e)(1), 6665(a); Schwartz v. Commissioner, 128 T.C. at 8, table n.1.

In considering whether interest and penalties are includable in the amount of relief sought, it is also necessary to decide whether accrued but unassessed interest and penalties are included in determining the amount of relief sought for purposes of section 7463(f)(1). For example, respondent argues that the amount of relief sought is $61,842.23, which includes accrued but unassessed interest and penalties of $23,598.61.[5] A taxpayer seeking relief from joint liability is seeking relief from amounts that have accrued with regard to the liability for which relief is sought, regardless of whether the ministerial act of

---

[5] Respondent alleges that the amount of relief being sought consists of the following amounts of unpaid tax reported on the joint returns, plus interest and penalties, as of the date the petition was filed:

| Year | Unpaid Tax | Assessed Interest & Penalties | Accrued Unassessed Interest & Penalties | Total Payments | Total |
|------|-----------|------------------------------|------------------------------------------|----------------|-------|
| 1996 | $7,196.00 | $1,206.16 | $8,831.67 | -0- | $17,233.83 |
| 1997 | 8,146.00 | 1,103.03 | 8,332.06 | ($2,333) | 15,248.09 |
| 1998 | 4,741.85 | 4,461.41 | 2,066.81 | -0- | 11.270.07 |
| 1999 | 5,523.00 | 3,984.39 | 2,561.03 | -0- | 12,068.42 |
| 2000 | 645.00 | 270.05 | 376.36 | -0- | 1,291.41 |
| 2002 | 3,092.00 | 207.73 | 1,430.68 | -0- | 4,730.41 |
| Total | 29,343.85 | 11,232.77 | 23,598.61 | (2,333) | 61,842.23 |

assessment of those amounts has occurred.  Thus, for purposes of section 7463(f)(1), it is appropriate to include unassessed interest and penalties that have accrued on amounts for which the taxpayer seeks relief when determining whether the amount of relief sought exceeds $50,000.

We note that the amount of relief sought in a section 6015(e) spousal relief case can include both paid and unpaid taxes, interest, and penalties.  See section 6015(g), which generally provides for spousal relief in the form of a credit or refund of taxes paid except for the relief available under subsection (c).[6]

Considering the nature of the relief available under section 6015, we hold that the phrase "amount of relief sought" in section 7463(f)(1) encompasses the amount of paid and unpaid tax, interest, and penalties, including accrued but unassessed interest and penalties, for which relief is sought.

The amount of tax, interest, and penalties for which petitioner seeks relief does not exceed $50,000 for any single year, but the total for all years does exceed $50,000.  Therefore, we must next decide whether the amount of relief sought should be determined on a per-year basis or on the basis of the total amount of relief sought for all years.  In a

---

[6] Petitioner is seeking relief from unpaid tax reported on joint returns and is not seeking a refund.

deficiency case, the dollar limit for using small tax case procedures under section 7463(a) is determined on a per-year basis. However, in Schwartz v. Commissioner, supra at 12, we held that the $50,000 limit in section 7463(f)(2), providing for small tax case procedures in a section 6330 collection case, "refers to the total amount of unpaid tax which the Commissioner has determined to collect. The fact that the unpaid tax for each year, period, or taxable event does not exceed $50,000 is irrelevant." In Schwartz, we reasoned that

> The dollar limit is clearly expressed in terms of the "case" of "an appeal * * * to the Tax Court of a determination in which the unpaid tax does not exceed $50,000." The dollar limit refers to the amount of unpaid tax the collection of which is being challenged. The dollar limit in section 7463(f)(2) is a condition that must be met before a section 6330 collection case can qualify to be conducted as a small tax case in the same manner as a case described in subsection (a). If Congress had intended that the $50,000 limitation in subsection (f)(2) be applied to the amount of tax for each year, period, or taxable event, it surely knew how to do so; and it presumably would have used the same terminology as in section 7463(a).

Id. at 11 (fn. ref. omitted).

Paragraph (1) of section 7463(f) is similar to paragraph (2) in this respect. The dollar limit in paragraph (1) is expressed in terms of "a petition to the Tax Court under section 6015(e) in which the amount of relief sought does not exceed $50,000". The statute clearly refers to the amount of relief sought in a petition. We therefore hold that the $50,000 limit in section 7463(f)(1) refers to the total amount of relief sought in the

petition rather than the amount of relief sought for each individual year.

Finally, we must determine the date on which the amount of relief sought must be calculated.  This is important because of the continued accrual of interest.  Since we have held that interest is included in calculating "the amount of relief sought", the time for calculating the amount of relief sought might be critical to determining whether the amount of relief sought exceeds $50,000.  Section 7463(f)(1) explicitly refers to "a petition to the Tax Court under section 6015(e) in which the amount of relief sought does not exceed $50,000".  (Emphasis added.)  The plain language of the statute supports the conclusion that the filing of a petition should be the definitive moment for determining the amount of relief sought in the Tax Court.[7]  Each taxpayer, depending on his or her circumstances, has the choice of seeking full or partial relief under section 6015(b), proportionate relief under section 6015(c), equitable relief under section 6015(f), or each in the alternative.  Accordingly, the amount of relief sought must be determined on a

---

[7] Determining the amount of relief sought at the time the petition is filed also makes practical sense.  If the amount of relief sought is not fixed as of the filing of the petition, a case that is properly within the dollar limit at the time the petition is filed could proceed to trial as a small tax case only to end up exceeding the dollar limit by the time a decision is to be entered.  We do not think that Congress intended such a result.

case-by-case basis by reference to the petition.  Therefore, we hold that the date of filing a petition under section 6015(e) is the date on which the amount of relief sought should be calculated for purposes of deciding whether a section 6015(e) stand-alone case may proceed under the small tax case procedures of section 7463(f)(1).[8]

Petitioner seeks relief from the entire unpaid joint liability for tax, interest, and penalties for the years 1996 through 2000 and 2002.  In her petition, petitioner claims that "All of the tax liability is attributed to the petitioner [sic] spouse's business."  Respondent alleges in his motion that the amount of relief petitioner is seeking totaled $61,842.23 on the date the petition was filed.  Petitioner does not dispute respondent's figures, and we accept them for purposes of this Opinion.  The total amount of relief sought on the date of filing the petition exceeds the $50,000 limit provided in section 7463(f)(1).  We will therefore grant respondent's motion to

---

[8] We express no opinion on whether a taxpayer, in an amended petition, might reduce his or her claim for relief and thereby qualify to proceed under the small tax case procedures of sec. 7463(f)(1).  See Kallich v. Commissioner, 89 T.C. 676 (1987).  We also express no opinion on the effect of an amended petition in which the amount of relief sought is increased above $50,000.

remove the small tax case designation, discontinue the proceedings under section 7463, and continue the proceedings pursuant to the Court's regular case procedures.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.