T.C. Memo. 2007-220

UNITED STATES TAX COURT

JUDITH E. SCHMICK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15846-06.                    Filed August 8, 2007.

Judith E. Schmick, pro se.

<u>Julie A. Jebe</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  On August 15, 2006, petitioner timely filed a
petition under section 6015(e)[1] seeking review of respondent's

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.  The Tax
Relief and Health Care Act of 2006, Pub. L. 109-432, div. C, sec.
408, 120 Stat. 3061, amended sec. 6015(e)(1) and applies to all
liabilities for taxes arising or remaining unpaid on or after
                                             (continued...)

final determination denying her relief from joint and several liability under section 6015 for the tax years 1997, 1999, 2000, 2001, and 2002. On October 11, 2006, petitioner filed a Motion to Change Case to a "Small Tax Case". Section 7463 generally allows disputes in small tax cases to be decided in proceedings in which the normally applicable procedural and evidentiary rules are relaxed. See Rule 174(b). Section 7463(f)(1) authorizes use of the small tax case procedures "in the case of * * * a petition to the Tax Court under section 6015(e) in which the amount of relief sought does not exceed $50,000". By Order dated November 30, 2006, this Court directed petitioner to file, on or before December 21, 2006, a supplement to her motion filed October 11, 2006, setting forth whether the amount of relief sought in this case exceeds the $50,000 limit under section 7463(f)(1). Petitioner failed to timely respond to the Court's Order, and the Court denied her Motion to Change Case to a "Small Tax Case" on January 12, 2007.

On February 8, 2007, petitioner filed another Motion to Change Case to a "Small Tax Case". Petitioner attached a copy of Form 8857, Request for Innocent Spouse Relief, that she submitted on February 24, 2006. On the Form 8857, she explained: "We are asking for relief for the following amounts" listed as follows:

[1](...continued)
Dec. 20, 2006, the date of the enactment, and thus it applies here.

| Year | Amount |
|------|--------|
| 1997 | $22,141.54 |
| 1999 | 12,025.26 |
| 2000 | 11,468.46 |
| 2001 | 6,673.95 |
| 2002 | 7,027.12 |
| Total | 59,336.33 |

Petitioner also attached IRS account transcripts for each of the years in issue indicating that her unpaid tax liabilities (including interest and penalties) as of January 2007 exceeded $61,000. Nevertheless, in her February 8, 2007, motion, petitioner states that "Without penalties and interest the amount in issue is $32,059.48 & does not exceed $50,000".

On July 24, 2007, this Court held that the amount of relief sought for purposes of section 7463(f)(1) includes the total amount of tax, interest, and penalties, including accrued but unassessed interest and penalties, for which relief is sought in the petition calculated as of the date the petition is filed. Petrane v. Commissioner, 129 T.C. 1 (2007). In Petrane, we reasoned:

> interest and penalties are generally treated as tax, and any reference in the Internal Revenue Code to "tax" (with exceptions not applicable to this case) shall be deemed to include interest and penalties. Secs. 6601(e)(1), 6665(a); Schwartz v. Commissioner, 128 T.C. at 8, table n.1.

> \* \* \* \* \* \* \*

>A taxpayer seeking relief from joint liability is seeking relief from amounts that have accrued with regard to the liability for which relief is sought, regardless of whether the ministerial act of assessment on those amounts has occurred.  Thus, for purposes of section 7463(f)(1), it is appropriate to include unassessed interest and penalties that have accrued on amounts for which the taxpayer seeks relief when determining whether the amount of relief sought exceeds $50,000.

Id. at __ (slip op. at 6-8).

The record in this case shows that on the day petitioner filed her petition, the amount of relief sought, including interest and penalties, exceeded $50,000.  Accordingly, we will deny petitioner's Motion to Change Case to a "Small Tax Case".  The proceedings in this case will continue pursuant to the Court's regular case procedures.

To reflect the foregoing,

An appropriate order will be issued.