129 T.C. No. 8

UNITED STATES TAX COURT

MICHAEL PATRICK AND DEBYE LEE LEAHY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17199-06L.              Filed September 17, 2007.


        Ps filed a petition pursuant to sec. 6330(d),
I.R.C., challenging R's determination concerning
collection of Ps' unpaid income tax for the years 1996-
2000.  Ps requested that their case be conducted under
the small tax case procedures authorized by sec.
7463(f)(2), I.R.C., in the case of "an appeal under
section 6330(d)(1)(A) to the Tax Court of a
determination in which the unpaid tax does not exceed
$50,000."  On the date respondent issued the notice of
determination, the total amount of unpaid tax exceeded
$50,000.  Nevertheless, Ps contend that because they
dispute less than $50,000 of the underlying tax
liability, this case should proceed under the small tax
case procedures of sec. 7463(f)(2), I.R.C.

**Held**: For a case to qualify for the small tax case procedures under sec. 7463(f)(2), I.R.C., the total amount of "unpaid tax" (which includes interest and penalties), calculated as of the date of the notice of determination, cannot exceed $50,000. The amount of the underlying tax liability in dispute is irrelevant. Therefore, this case is not eligible to be conducted under the small tax case procedures of sec. 7463, I.R.C.

Michael Patrick and Debye Lee Leahy, pro sese.

John R. Bampfield, for respondent.

OPINION

RUWE, Judge: Pursuant to section 6330(d), petitioners filed a petition for review of respondent's Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination).[1] Petitioners request that this case be conducted under section 7463(f)(2), which provides for what are commonly referred to as "small tax case" or "S case" procedures where a taxpayer is challenging a collection determination in which the unpaid tax does not exceed $50,000.[2] In this Opinion we decide whether this case is eligible to proceed as a small tax case.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Sec. 7463 and Rule 174(b) generally allow disputes in small tax cases to be decided in proceedings in which the normally applicable procedures and evidentiary rules are relaxed.

On February 14, 2007, this Court held that the $50,000 limit in section 7463(f)(2) refers to the total amount of "unpaid tax" (including interest and penalties)[3] which the Commissioner has determined to collect. Schwartz v. Commissioner, 128 T.C. 6, 12 (2007).[4] Respondent argues that this case cannot proceed as a small tax case because the total amount of unpaid tax on the date he issued the notice of determination exceeded $50,000.[5] Petitioners do not dispute respondent's assertion that the aggregate unpaid tax that respondent determined to collect for the years 1996 through 2000 exceeded $50,000 on the date of respondent's notice of determination. Nevertheless, petitioners argue that a section 6330 collection case may be conducted under the small tax case procedures of section 7463(f)(2) when the amount of the underlying tax liability "in dispute" is less than $50,000. In their petition, they agree to $20,000 of the underlying tax liability. Petitioners argue that the remaining amount of the underlying tax liability, which they dispute, is

---

[3] Sec. 7463(f)(2) refers to the amount of "unpaid tax" in a sec. 6330 collection case. Any reference in the Internal Revenue Code to "tax" (with exceptions not applicable to this case) shall be deemed to include interest and penalties. Secs. 6601(e)(1), 6665(a); Schwartz v. Commissioner, 128 T.C. 6, 8 table n.1 (2007).

[4] The fact that the unpaid tax for each individual year did not exceed $50,000 was held to be irrelevant. Schwartz v. Commissioner, supra at 12.

[5] Respondent alleges that the amount of unpaid tax on the date of the notice of determination was $61,397.54.

less than $50,000, making this case eligible to proceed under the small tax case procedures.[6]  Respondent argues that the amount of the underlying tax liability in dispute is not relevant to determining small tax case eligibility in a section 6330 collection case because eligibility is measured by the amount of "unpaid tax" that the Commissioner has determined to collect, not the amount of the underlying tax liability in dispute.

Section 7463(f) provides:

> SEC. 7463(f).  Additional Cases in Which Proceedings May Be Conducted Under This Section.--At the option of the taxpayer concurred in by the Tax Court or a division thereof before the hearing of the case, proceedings may be conducted under this section (in the same manner as a case described in subsection (a)) in the case of--
>
>> (1) a petition to the Tax Court under section 6015(e) in which the amount of relief sought does not exceed $50,000, and
>>
>> (2) an appeal under section 6330(d)(1)(A) to the Tax Court of a determination in which the unpaid tax does not exceed $50,000.[7]

---

[6] In their last filing with the Court petitioners state: "Petitioner [sic] argues that this determination should be conducted under 'S case' procedures as the amount in dispute is not the fall [sic] amount of the determination ($61,397.54). Petitioner [sic] does not dispute $20,310.00 of this determination.  The amount of dispute is $41,097.54, which is below the $50,000 threshold."  We attribute to a math error the $10 difference between the amount respondent determined and the sum of the tax petitioners conceded plus the alleged amount in dispute.

[7] Sec. 6330(d) was amended by the Pension Protection Act of 2006, Pub. L. 109-280, sec. 855(a), 120 Stat. 1019, for determinations made after the date which is 60 days after Aug. 17, 2006.  The amendment eliminated subsec. (d)(1)(A).  However,
(continued...)

Unlike the dollar limitation in section 7463(a) that refers to "the amount of the deficiency placed in dispute,"[8] the dollar limitation in section 7463(f)(2) refers to the amount of "unpaid tax". Section 7463(f)(2), not section 7463(a), controls whether

---

[7](...continued)
the reference to subsec. (d)(1)(A) in sec. 7463(f)(2) was not changed. In any event, the amendment does not affect this case because the determination was made on Aug. 1, 2006. See Schwartz v. Commissioner, supra at 9 n.4.

[8] Sec. 7463(a) provides:

SEC. 7463(a). In General.--In the case of any petition filed with the Tax Court for a redetermination of a deficiency where neither the amount of the deficiency placed in dispute, nor the amount of any claimed overpayment, exceeds--

(1) $50,000 for any one taxable year, in the case of the taxes imposed by subtitle A,

(2) $50,000, in the case of the tax imposed by chapter 11,

(3) $50,000 for any one calendar year, in the case of the tax imposed by chapter 12, or

(4) $50,000 for any 1 taxable period (or, if there is no taxable period, taxable event) in the case of any tax imposed by subtitle D which is described in section 6212(a) (relating to a notice of deficiency),

at the option of the taxpayer concurred in by the Tax Court or a division thereof before the hearing of the case, proceedings in the case shall be conducted under this section. Notwithstanding the provisions of section 7453, such proceedings shall be conducted in accordance with such rules of evidence, practice, and procedure as the Tax Court may prescribe. A decision, together with a brief summary of the reasons therefor, in any such case shall satisfy the requirements of sections 7459(b) and 7460.

the instant section 6330 collection case qualifies for the small tax case procedures. Therefore, we look to the amount of "unpaid tax" that respondent has determined to collect, not the amount of the underlying tax liability in dispute, to decide whether this case may proceed under the small tax case procedures of section 7463(f)(2). Schwartz v. Commissioner, supra.[9]

It is true that, in certain limited circumstances, a taxpayer can dispute all or a portion of the "underlying tax liability" in a section 6330 collection case. See Goza v. Commissioner, 114 T.C. 176, 180-182 (2000). However, the fact that petitioners are disputing less than $50,000 of the underlying tax liability has no relevance to the application of the dollar limit in section 7463(f)(2). Section 7463(f)(2) applies to the case of "an appeal under section 6330(d)(1)(A) to the Tax Court of a determination in which the unpaid tax does not exceed $50,000." (Emphasis added.) We hold that for a case to qualify for the small tax case procedures under section 7463(f)(2), the total amount of unpaid tax that the Commissioner has determined to collect cannot exceed $50,000. The amount of the underlying tax liability in dispute is irrelevant.

Respondent cites Schwartz for the proposition that the amount of "unpaid tax" (including interest and penalties) should

---

[9] In Schwartz, the taxpayers were not disputing the amount of their underlying tax liability. Schwartz v. Commissioner, supra at 10 n.6.

be determined as of the date of the notice of determination.  In Schwartz, we did not explicitly decide when the amount of unpaid tax should be calculated for purposes of applying the dollar limit in section 7463(f)(2).  Even though petitioners do not dispute respondent's assertion that the amount of unpaid tax should be determined as of the date of the notice of determination, this issue concerns the Court's authority to proceed under section 7463 and is in the nature of a jurisdictional question, which may be raised sua sponte at any time.[10]  Petrane v. Commissioner, 129 T.C. 1, __ (2007) (slip op. at 3); see Schwartz v. Commissioner, 128 T.C. at 8; Stewart v. Commissioner, 127 T.C. 109, 112 (2006).

This Court has previously held "that the date of filing a petition under section 6015(e) [for relief from joint liability] is the date on which the amount of relief sought should be calculated for purposes of deciding whether a section 6015(e) stand-alone case may proceed under the small tax case procedures of section 7463(f)(1)."  Petrane v. Commissioner, supra at __ (slip op. at 11).  Section 7463(f)(1) refers to the case of "a petition to the Tax Court under section 6015(e) in which the amount of relief sought does not exceed $50,000".  (Emphasis

---

[10] There is no question that we have jurisdiction to review respondent's determination under sec. 6330.  The question is whether we can decide this matter as a small tax case under sec. 7463.  Schwartz v. Commissioner, 128 T.C. at 8 n.3.

added.)  The words "in which" in section 7463(f)(1) can logically refer back only to "a petition", not to "the Tax Court" or "section 6015(e)".  While the petition date was the appropriate date on which to calculate the amount of spousal relief sought for purposes of section 7463(f)(1), the proper date to calculate the amount of unpaid tax in a section 6330 collection case must be analyzed separately under the specific, but different, language of section 7463(f)(2).

Respondent alleges that the amount of unpaid tax on the date of the notice of determination exceeds $50,000, and petitioners do not dispute this.  If the date of the notice of determination is the date for determining the amount of unpaid tax for purposes of section 7463(f)(2), then this case cannot proceed as a small tax case.  However, if a subsequent date, such as the date of filing the petition, is the relevant date, we would have to ascertain the unpaid tax on that later date.  Occurrences after issuance of the notice of determination, such as abatements, payments, or credits, could decrease the amount of unpaid tax as of any subsequent date.  The amount of unpaid tax depends on the amount of accrued interest as of a particular date.  Therefore, it is necessary to decide the date on which the amount of unpaid tax should be calculated for purposes of applying the dollar limit in section 7463(f)(2).

Section 7463(f)(2) refers to the case of "an <u>appeal</u> under section 6330(d)(1)(A) to the Tax Court <u>of a determination in which the unpaid tax does not exceed $50,000</u>."  (Emphasis added.) The words "in which" could conceivably refer back to either "an appeal" or "a determination".  An "appeal" within the meaning of section 7463(f)(2) occurs when the taxpayer petitions the Tax Court.  However, if the words "in which" were meant to refer to "an appeal", then inclusion of the words "of a determination" immediately preceding "in which the unpaid tax does not exceed $50,000" would be rendered surplusage and could have been omitted.  Statutory language is interpreted by giving each word its plain, obvious, and rational meaning.  <u>Am. Tobacco Co. v. Patterson</u>, 456 U.S. 63, 68 (1982); <u>United States v. Merriam</u>, 263 U.S. 179, 187-188 (1923); <u>Liddle v. Commissioner</u>, 103 T.C. 285, 293 n.4 (1994), affd. 65 F.3d 329 (3d Cir. 1995).  Fundamental principles of statutory construction generally preclude us from reading a statute in such a way as to render statutory language mere surplusage.  <u>Zapara v. Commissioner</u>, 126 T.C. 215, 231 (2006); see also <u>United States v. Campos-Serrano</u>, 404 U.S. 293, 301 n.14 (1971).  Failure to give any meaning to the words "of a determination" in interpreting section 7463(f)(2) would violate these canons of statutory construction.  In addition, it is a general rule of style and composition to position a modifying word or clause close to the term it explains in order to avoid

awkwardness, confusion, and ambiguity.  See Strunk & White, The Elements of Style 28-31 (4th ed. 2000); see also Richmond, Legal Writing:  Form and Function 145-147 (2002).  The clause "in which the unpaid tax does not exceed $50,000" acts as a modifier to a noun, and the noun "determination" immediately precedes "in which the unpaid tax does not exceed $50,000".

We conclude that the $50,000 limit refers to the total unpaid tax as of the date of the determination.  Accordingly, we hold that for purposes of deciding whether a section 6330 collection case may proceed under the small tax case procedures provided for in section 7463(f)(2), the date the Commissioner issues the notice of determination is the date on which the amount of unpaid tax should be calculated.[11]

The total unpaid tax on the date respondent issued the notice of determination exceeds the $50,000 limit provided in section 7463(f)(2).  We will therefore deny petitioners' request to have this case proceed under the small tax case procedures.

To reflect the foregoing,

An appropriate order will be issued.

---

[11] The total amount of unpaid tax is often omitted from notices of determination issued pursuant to sec. 6330.  The Commissioner could assist taxpayers and the Court if he were to calculate the total unpaid tax as of the date of the sec. 6330 notice of determination and include it in the notice.