T.C. Summary Opinion 2007-201

UNITED STATES TAX COURT

PATRICIA H. DEVLIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8128-05S.                    Filed November 28, 2007.

Patricia H. Devlin, pro se.

<u>Jack T. Anagnostis</u>, for respondent.

COHEN, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and
this opinion shall not be treated as precedent for any other
case.  The trial was conducted by Special Trial Judge Carleton D.
Powell, who died after the case was submitted.  The parties have

declined the opportunity for a new trial or for supplementation of the record and have expressly consented to reassignment of the case for opinion and decision. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended. The sole issue to be decided is whether petitioner is entitled to relief under section 6015(f) for 1999.

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated into our findings by this reference. Petitioner resided in New Jersey at the time that her petition was filed. In the midst of personal and financial difficulties, petitioner and her former spouse, Robert N. Collins (Collins), separated in mid-1999. The couple formally divorced in May 2000. On October 26, 2000, petitioner signed a joint Federal income tax return for 1999, which was not prepared by petitioner and was later filed by Collins. The return signed by petitioner reported total tax of $20,850 and a withholding credit of $1,326.

Throughout 1999 and until March 2000, petitioner was employed as a bookkeeper for Collins's construction business. She was aware of all financial information for 1999 regarding the business. In March 2000, petitioner left her job with Collins's business because he wanted to hire his girlfriend. Petitioner obtained a full-time job shortly thereafter and also received some spousal and child support incident to the divorce from

Collins. At the time that she signed the 1999 return, petitioner was aware of the financial difficulties with Collins's business and did not know how Collins would be able to pay the tax liability stated on the return. Petitioner's father died in November 2000.

At some point after his divorce from petitioner, Collins filed for bankruptcy. In late 2003, petitioner completed, signed, and filed with the Internal Revenue Service Form 8857, Request for Innocent Spouse Relief, and Form 12510, Questionnaire for Requesting Spouse. On Form 12510, petitioner reported net income exceeding specified expenses by more than $1,000 per month. Petitioner's request for relief was denied in full on March 31, 2005.

## Discussion

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). When a husband and wife elect to file a joint Federal income tax return, they are jointly and severally liable for the entire tax due on that return. Sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000). However, section 6015 provides for relief for a requesting spouse from joint and several liability in certain circumstances. Because this case involves only an underpayment of tax shown on a return, only section 6015(f) applies. Petrane

v. Commissioner, 129 T.C. 1, 4 n.4 (2007); Washington v. Commissioner, 120 T.C. 137, 147 (2003).

Section 6015(f) provides for equitable relief if, taking into account all of the facts and circumstances, it is inequitable to hold the requesting spouse liable for any unpaid tax or deficiency. As directed by section 6015(f), the Commissioner has prescribed guidelines under which a taxpayer may qualify for equitable relief from liability on a joint return for tax owed on income attributable to the nonrequesting spouse. See Rev. Proc. 2003-61, 2003-2 C.B. 296. Rev. Proc. 2003-61, sec. 4.02, 2003-2 C.B. at 298, provides in relevant part that relief ordinarily will be granted to a requesting spouse with regard to underpayments of tax attributable to the nonrequesting spouse if three criteria are met. The first criterion, that the requesting spouse is no longer married to or is legally separated from the nonrequesting spouse or is not a member of the same household at any time during the 12 months prior to the request for relief, is satisfied in this case.

The second criterion, that, at the time the joint return was signed, the requesting spouse had no knowledge or reason to know that the tax would not be paid and that it was reasonable to believe that the nonrequesting spouse would pay the liability, is not satisfied in this case. Petitioner and Collins were having both personal and business financial difficulties throughout

1999. At the time petitioner signed the 1999 return, she knew that Collins's business was in financial difficulty and had been unable to cover expenses. She also was aware that Collins personally spent more money than he made in 1999. Petitioner testified that, at the time she signed the 1999 return, she did not know how Collins could afford to pay the outstanding tax liability reported on the return. Petitioner has not shown that it was reasonable to rely on Collins to pay the tax due for 1999.

The third criterion under section 4.02 of Rev. Proc. 2003-61 is that the requesting spouse will suffer economic hardship if relief is not granted. Economic hardship for these purposes is defined as the inability to pay reasonable basic living expenses if the requesting spouse is held liable for the tax owed. See sec. 301.6343-1(b)(4), Proced. & Admin. Regs. On the Form 12510, she reported monthly income in excess of monthly expenses. Petitioner has not shown that she will suffer economic hardship if relief is not granted; thus, the third criterion is not met.

Rev. Proc. 2003-61, section 4.03, 2003-2 C.B. at 298, provides an alternative test for equitable relief if a taxpayer does not meet the requirements of Rev. Proc. 2003-61, section 4.02. Rev. Proc. 2003-61, section 4.03, lists several relevant factors that the Commissioner considers and weighs in making a determination about whether section 6015(f) relief should be granted. Those factors include:

(i) Whether the requesting spouse is separated or divorced from the nonrequesting spouse;

(ii) whether the requesting spouse will suffer economic hardship if relief from the liability is not granted;

(iii) whether the requesting spouse had knowledge or reason to know either of the item giving rise to a tax deficiency or that the nonrequesting spouse would not pay the tax liability;

(iv) whether the nonrequesting spouse has a legal obligation pursuant to a divorce decree or agreement to pay the outstanding liability;

(v) whether the requesting spouse has significantly benefited (beyond normal support) from the unpaid liability or item giving rise to a deficiency; and

(vi) whether the requesting spouse has made a good faith effort to comply with Federal income tax laws in the tax years subsequent to the years to which the request for relief relates. Rev. Proc. 2003-61, sec. 4.03(2)(a).

Although petitioner is divorced from Collins and has not failed to comply with Federal income tax laws individually in tax years subsequent to 1999, several of the other Rev. Proc. 2003-61, section 4.03, factors weigh against granting her relief from joint and several liability. We have already concluded that petitioner has not shown that she will suffer economic hardship if relief is not granted. We have also concluded that petitioner

knew or had reason to know that Collins would not pay the tax liability shown on the joint return for 1999 that she signed. Both of these factors weigh against granting petitioner relief.

Petitioner argues that, as part of their divorce settlement, she and Collins agreed that Collins would be responsible for all personal and business bills. Petitioner acknowledges that the agreement did not specifically include the tax liability, which was not then known. There is no reliable evidence that Collins has a legal obligation pursuant to the divorce decree to pay the entire joint tax liability for 1999; thus, this factor does not favor granting petitioner relief from liability.

Petitioner did not, however, benefit beyond normal support from the underpayment in tax for 1999. In mid-1999, petitioner separated from Collins and moved into a modest apartment with her daughter. She continued to work as the bookkeeper for Collins's business until March 2000, at which time she left her job because Collins wanted to hire his girlfriend to work for the business. Petitioner received spousal and child support from Collins after leaving the business, and she found other employment shortly thereafter. For the most part, petitioner has supported herself since she left Collins. She has not benefited substantially beyond basic reasonable support from the underpayment in taxes. Finally, respondent acknowledges that petitioner has complied

with Federal income tax laws since 1999.  These factors favor granting petitioner relief.

Rev. Proc. 2003-61, sec. 4.03(2)(b), 2003-2 C.B. at 299, lists two additional factors that may weigh in favor of equitable relief under section 6015(f) but that will not weigh against relief if not present:

> (i) * * * Whether the nonrequesting spouse abused the requesting spouse.  The presence of abuse is a factor favoring relief.  A history of abuse by the nonrequesting spouse may mitigate a requesting spouse's knowledge or reason to know.

> (ii) * * * Whether the requesting spouse was in poor mental or physical health on the date the requesting spouse signed the return or at the time the requesting spouse requested relief. * * *

Petitioner reported on her Form 12510 that she had never been abused by Collins, and she did not report that she was suffering from a mental or physical ailment at the time she signed the joint return.  Petitioner did report that her father was ill and dying at the time that she signed the return in October 2000.  Although the Court recognizes the difficulties inherent in divorce and death, petitioner has not asserted and we do not find that she was suffering from poor mental or physical health at the time she signed the joint return or at the time she requested relief.  Thus, these additional factors do not weigh in favor of relief for petitioner.

Taking into account all of the facts and circumstances, particularly petitioner's extensive knowledge regarding Collins's

financial situation and the lack of economic hardship in this case, we are not persuaded that it is inequitable to hold petitioner liable for the underpayment for the year in issue or that it was an abuse of discretion for respondent to deny petitioner relief under section 6015(f).  In reaching our holding, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are irrelevant, moot, or without merit.

　　　To reflect the foregoing,

<u>Decision will be entered for respondent</u>.