Joseph M. **MICHAELS** and Vicki R. Michaels, Petitioners–Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent–Appellee.

No. 97–3864.

United States Court of Appeals, Seventh Circuit.

Argued April 22, 1998.

Decided May 15, 1998.

Francis J. Emmons (argued), Courtney N. Stillman, Schwartz & Freeman, Chicago, IL, for Petitioner–Appellant.

Ann Belanger Durney, Janet Bradley (argued), Department of Justice, Tax Division, Appellate Section, Washington, DC, Joseph T. Ferrick, Internal Revenue Service, Regional Counsel, Chicago, IL, Richard G. Goldman, Internal Revenue Service, Office of Chief Counsel, Washington, DC, for Respondent–Appellee.

Before POSNER, Chief Judge, and CUMMINGS and RIPPLE, Circuit Judges.

CUMMINGS, Circuit Judge.

On September 29, 1986, the Commissioner of Internal Revenue ("the Commissioner") issued a notice of tax deficiency to Joseph and Vicki Michaels for the years 1976, 1979, and 1980. In December 1986, the Michaelses petitioned the United States Tax Court for a redetermination of the claimed deficiencies. The parties settled most of the issues surrounding the deficiency notice, but it was left to the Tax Court to decide whether Vicki Michaels was entitled to be treated as an "innocent spouse" under 26 U.S.C. § 6013(e). On June 29, 1995, the Tax Court issued a memorandum opinion, unofficially reported at 69 T.C.M. (CCH) 3056 (1995), holding that Mrs. Michaels was not entitled to be treated as an innocent spouse. The court also found, pursuant to the parties' settlement, that the Michaelses had overpaid their income taxes for the years 1979 and 1980 by a total of $3,960, but that they owed a deficiency of $99,584 for the 1976 tax year.

On September 12, 1995, the Tax Court entered its decision, which it based upon its previous determinations in the memorandum opinion. The decision correctly stated that the Michaelses were due an overpayment for the tax years 1979 and 1980, but incorrectly attributed the deficiency of $99,584 to 1982, rather than 1976. The decision repeated the error as to the year of the deficiency when it found that the Michaelses owed increased interest pursuant to 26 U.S.C. § 6621(c) on $95,615 of the deficiency for the tax year 1982.[1]

Next, on February 7, 1996, the Commissioner assessed a tax deficiency and interest thereon against the Michaelses for the tax year 1976, based on the amounts shown in the Tax Court's decision as owing for 1982.[1] No assessment was ever made for the 1982 tax year. On February 23 and on two subsequent occasions, the Michaelses notified the Commissioner in writing of their view that no assessment could properly be made against them for the 1976 tax year.

On June 27, 1997, the Commissioner became aware of the error in the Tax Court's decision and filed a document with the court styled a "motion for leave to file a motion to vacate and correct decision." The Michaelses filed a notice of objection to this motion. On August 18, 1997, the Tax Court entered an order denying the Commissioner's motion but correcting the decision entered on September 12, 1995, so that the two references to the tax year 1982 referred instead to 1976.

The Michaelses appeal to this Court, arguing that the Tax Court lacked the power to correct the error in its original decision and therefore that the Commissioner's assessment for the 1976 tax year is not based upon any valid decision of the Tax Court. Because we find that the Tax Court did possess the power to correct its own obviously clerical error, this Court affirms the August 18, 1997 order correcting the September 12, 1995 decision.

## DISCUSSION

The Michaelses' claim on appeal is that the Tax Court lost jurisdiction over the case when the ninety-day statutory period for filing an appeal expired on December 11, 1995. The Tax Court, they point out, is "a court of limited jurisdiction ... [that] lacks general

---

1. Assessment is the process by which the Commissioner acts to collect tax deficiencies, including those that have been adjudicated by the Tax Court. See generally 26 U.S.C. §§ 6201, 6215. The court's decisions are not self-executing, so that in the absence of a subsequent assessment the deficiency cannot be collected.

equitable powers." *Commissioner v. McCoy,* 484 U.S. 3, 7, 108 S.Ct. 217, 219, 98 L.Ed.2d 2 (per curiam). They interpret this fact to mean that the Tax Court, unlike other federal courts, lacks the power to correct its own final decisions. In their view, once a decision becomes final, any clerical error in it must stand, even if the error cannot possibly have misled anyone. Fortunately, the statutory framework and the Tax Court's own rules do not require such an odd outcome.

The Tax Court is empowered by statute to promulgate its own procedural rules. 26 U.S.C. § 7453. None of the rules the court has promulgated under that authority explicitly allows for the correction of clerical or typographical errors in decision documents. The Tax Court's Rule 1(a), however, states a default procedure: "Where in any instance there is no applicable rule of procedure, the Court or the Judge before whom the matter is pending may prescribe the procedure, giving particular weight to the Federal Rules of Civil Procedure to the extent they are suitably adaptable to govern the matter at hand." Thus the Federal Rules of Civil Procedure, although not binding upon the Tax Court, provide a source of persuasive authority to that court in filling any gaps in its own rules of procedure.

Federal Rule of Civil Procedure 60(a) gives the United States District Courts the power to correct "at any time" clerical errors in judgments or other documents.[2] Long ago, the Supreme Court noted that Rule 60(a) "recognizes" the "axiomatic" point that "courts have the power and the duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake." *American Trucking Ass'ns v. Frisco Transp. Co.,* 358 U.S. 133, 145, 79 S.Ct. 170, 177, 3 L.Ed.2d 172; see also 11 Wright & Miller, *Federal Practice and Procedure* § 2851, at 229 (1995) (noting

that Rule 60(a) "restates the ancient principle that clerical mistakes may be corrected at any time").

The Michaelses cannot credibly argue that the error in the 1995 decision was anything other than a clerical mistake. They are forced, therefore, to argue that the Tax Court in this case simply should not be allowed to exercise a power analogous to that afforded the district courts by Rule 60(a). In attempting to do so, the Michaelses make several points that would be relevant only if Rule 60(b) were at issue, such as that the Commissioner has not shown that the failure to correct the mistake earlier was the result of "excusable neglect" or that his motion to correct it was made "within a reasonable time." These arguments, of course, are unavailing, since Rule 60(a) requires no such showing.

In addition, the Tax Court's power to correct clerical errors does not conflict with the statutory framework establishing finality for that court's decisions. The Michaelses point out that the substance of a decision becomes final and unappealable once the statutory period for filing an appeal has expired. But the same is largely true of district court decisions, subject to such extraordinary remedies as those contained in Rule 60(b), and yet the expiration of the time for filing a notice of appeal does not prevent a district court from acting under Rule 60(a) to correct a clerical error in its judgment. See, e.g., *American Fed'n of Grain Millers Local 24 v. Cargill, Inc.,* 15 F.3d 726 (7th Cir.1994). The Michaelses' arguments that the Tax Court should be prevented from taking the same action because it is a creation of Article I rather than Article III of the Constitution, or because it is a court of limited jurisdiction,[3] are not persuasive.

The Michaelses also assert that even if the Tax Court did possess the power to correct

---

**2.** The full text of Rule 60(a) is as follows:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in

the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

**3.** The Michaelses argue in their brief that "[f]ederal district courts are courts of general jurisdiction." That this assertion is flatly incorrect should, but apparently does not, go without saying.

its decision, it abused its discretion in doing so nearly two years after the original decision was entered. They have the temerity to claim that they have "relied" upon the decision as originally written in deciding not to appeal the Tax Court's holding on the innocent spouse issue. On the facts of this case, "reliance" could only mean that the Michaelses knew that the decision contained a clerical error, but remained silent about it in the hope that they would be able to avoid paying their admitted tax deficiency. This is certainly not the kind of good faith reliance that is likely to attract sympathy from this Court in reviewing a lower court's discretionary acts.

In sum, there is no obstacle to the course the Tax Court took in this case. It was within the court's power to correct its own clerical error, at least in this case where nobody can plausibly claim to have been misled or to have detrimentally relied on the inaccurate decision document. The August 18, 1997 order of the Tax Court correcting its September 12, 1995 decision is affirmed.