123 T.C. No. 20


UNITED STATES TAX COURT



BARBARA DRAKE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4126-04.                Filed December 14, 2004.



        On Sept. 30, 2003, P filed a bankruptcy petition
under ch. 13 of the Bankruptcy Code.  On Jan. 29, 2004,
R issued to P a notice of determination disallowing her
claims for relief from joint and several liability
under sec. 6015, I.R.C., for the taxable years 1991,
1992, 1994, 1995, and 1997.  On Mar. 8, 2004, P filed a
petition with the Court challenging R's notice of
determination.  R filed a motion to dismiss for lack of
jurisdiction in this case on the ground that the
petition was filed in violation of the automatic stay
imposed under 11 U.S.C. sec. 362(a)(8) (2000).

Held: The Court lacks jurisdiction in this case on the ground the petition was filed in violation of the automatic stay imposed under 11 U.S.C. sec. 362(a)(8). R's motion to dismiss for lack of jurisdiction will be granted.

Timothy J. Burke, for petitioner.

Louise R. Forbes and David Abernathy, for respondent.

## OPINION

GERBER, Chief Judge: This case was assigned to Chief Special Trial Judge Peter J. Panuthos, pursuant to the provisions of section 7443A(b)(5) and Rules 180, 181, and 183.[1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent's motion presents an issue of first impression: whether the automatic stay imposed under 11 U.S.C. section 362(a)(8) (2000) bars the filing of a petition with this Court in a so-called stand-alone proceeding brought pursuant to section 6015. As discussed in detail below, we shall grant respondent's motion to dismiss.

---

[1] Unless otherwise indicated, section references are to sections of the Internal Revenue Code, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

Background

On September 30, 2003, petitioner filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code with the U.S. Bankruptcy Court for the District of Massachusetts.

On January 29, 2004, respondent issued to petitioner a notice of determination disallowing her claim for relief under section 6015 for the taxable years 1991, 1992, 1994, 1995, and 1997.

On March 8, 2004, petitioner filed with the Court a Petition for Determination for Relief From Joint and Several Liability challenging respondent's notice of determination.[2]  At the time the petition was filed, petitioner's bankruptcy case had not been closed or dismissed, nor had the bankruptcy court granted or denied petitioner a discharge.  See 11 U.S.C. sec. 362(c)(2) (2000).

In response to the petition, respondent filed a motion to dismiss.  Respondent contends that the Court lacks jurisdiction because the petition was filed in violation of the automatic stay imposed under 11 U.S.C. sec. 362(a)(8).  On May 3, 2004, petitioner filed an objection to respondent's motion to dismiss. On June 3, 2004, respondent filed a response to petitioner's objection.

---

[2]At the time the petition was filed, petitioner resided in South Yarmouth, Mass.

This matter was called for hearing at the Court's motions session held in Washington, D.C., on July 14, 2004, and for further hearing at the Court's motions session held in Washington, D.C., on September 15, 2004. Counsel for respondent appeared at the hearings and offered argument in support of respondent's motion to dismiss. During the latter hearing, counsel for respondent informed the Court that petitioner's bankruptcy case had been converted to a chapter 7 proceeding on September 2, 2004. Although there was no appearance by or on behalf of petitioner at the hearing, petitioner filed with the Court a written statement pursuant to Rule 50(c) and a supplement thereto.

Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Before proceeding with our analysis, we review the scope of our jurisdiction over claims for relief under section 6015 and the provisions that define the automatic stay.

Section 6015

Section 6013(d)(3) provides that if a husband and wife file a joint Federal income tax return, "the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several." However, section 6015(a) provides

that, notwithstanding section 6013(d)(3), an individual who has made a joint return may elect to seek relief from joint and several liability on that return.  For a detailed discussion of the legislative history of section 6015 (and its predecessor, section 6013), see Cheshire v. Commissioner, 115 T.C. 183, 188-189 (2000), affd. 282 F.3d 326 (5th Cir. 2002).

Congress vested the Court with jurisdiction to review a taxpayer's election to claim relief from joint and several liability on a joint return under specified circumstances.  See King v. Commissioner, 115 T.C. 118, 121-122 (2000); Corson v. Commissioner, 114 T.C. 354, 363-364 (2000).  A taxpayer may seek relief from joint and several liability on a joint return by raising the matter as an affirmative defense in a petition for redetermination invoking the Court's deficiency jurisdiction under section 6213(a).  See Butler v. Commissioner, 114 T.C. 276, 287-288 (2000).  In addition, a taxpayer may file a so-called stand-alone petition seeking relief from joint and several liability on a joint return where the Commissioner has issued a final determination denying the taxpayer's claim for such relief or the Commissioner has failed to rule on the taxpayer's claim within 6 months of its filing.  See sec. 6015(e)(1); Mora v. Commissioner, 117 T.C. 279 (2001); Fernandez v. Commissioner, 114 T.C. 324 (2000).  Finally, a taxpayer may request relief from joint and several liability on a joint return in a petition for

review of a lien or levy action.  See secs. 6320(c),
6330(c)(2)(A)(i).

The petition in this case was filed as a stand-alone
petition in response to respondent's notice of determination
dated January 29, 2004.  Although petitioner filed her petition
within 90 days of the mailing of the notice of determination, we
must determine whether the filing of that petition was barred by
the bankruptcy automatic stay.

The Automatic Stay

Title 11 of the United States Code provides uniform
procedures designed to promote the effective rehabilitation of
the bankrupt debtor and, when necessary, the equitable
distribution of his or her assets.  See H. Rept. 95-595, at 340
(1977).  One key to achieving these aims is the automatic stay,
which generally operates to temporarily bar actions against or
concerning the debtor or property of the debtor or the bankruptcy
estate.  See Allison v. Commissioner, 97 T.C. 544, 545 (1991);
Halpern v. Commissioner, 96 T.C. 895, 897 (1991).

Actions which are subject to the automatic stay are set
forth in 11 U.S.C. section 362(a), which provides in pertinent
part:

> (a)  Except as provided in subsection (b) of this
> section, a petition filed under section 301, 302, or
> 303 of this title, * * * operates as a stay, applicable
> to all entities, of --

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

In addition, 11 U.S.C. section 362(a)(8) expressly bars "the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor."

Actions which are excepted from the automatic stay are set forth in 11 U.S.C. section 362(b) (2000), which provides in pertinent part:

(b) The filing of a petition under section 301, 302, or 303 of this title, * * * does not operate as a stay--

        *    *    *    *    *    *    *

(9) under subsection (a), of --
(A) an audit by a governmental unit to determine tax liability;
(B) the issuance to the debtor by a governmental unit of a notice of tax deficiency;
(C) a demand for tax returns; or
(D) the making of an assessment for any tax and issuance of a notice and demand for payment of such an assessment * * *.

Unless relief from the automatic stay is granted by order of the bankruptcy court, see 11 U.S.C. sec. 362(d) (2000), the automatic stay generally remains in effect until the earliest of the closing of the case, the dismissal of the case, or the grant or denial of a discharge, 11 U.S.C. sec. 362(c)(2); see Allison

v. Commissioner, supra at 545; Smith v. Commissioner, 96 T.C. 10, 14 (1991).

It is worth noting that 11 U.S.C. section 362(b)(9)(B) excepts from the automatic stay the issuance of a notice of deficiency to the taxpayer/debtor under section 6213(a). See Kieu v. Commissioner, 105 T.C. 387, 391 (1995). Even though, as previously discussed, such a taxpayer would be barred from filing a petition for redetermination with this Court so long as the automatic stay remained in effect, see 11 U.S.C. sec. 362(a)(8), Congress established a procedure to permit such a taxpayer to invoke the Court's deficiency jurisdiction under section 6213(a) after the automatic stay is no longer in effect. Specifically, section 6213(f) provides that the period for filing a timely petition with the Court under section 6213(a) is suspended for the period during which the taxpayer is prohibited by reason of the automatic stay from filing a petition for redetermination and for 60 days thereafter. See Olson v. Commissioner, 86 T.C. 1314, 1318-1319 (1986). We observe that the benefits of section 6213(f) may apply whether a notice of deficiency is mailed to the taxpayer before or after the filing of a bankruptcy petition. See McClamma v. Commissioner, 76 T.C. 754 (1981).

We also observe, however, that there is no provision analogous to section 6213(f) in section 6015 that tolls the statutory period for filing a timely stand-alone petition for the

period during which the person is prohibited by reason of the automatic stay from filing such a petition. Nor is there any cross-reference in section 6015 to the procedures set forth in section 6213.[3] On the other hand, if the taxpayer raises a section 6015 claim as an affirmative defense in a petition for redetermination invoking the Court's deficiency jurisdiction under section 6213(a), the taxpayer would be able to take advantage of the benefits of section 6213(f).

Analysis

Consistent with the plain language of 11 U.S.C. section 362(a)(8), which expressly bars "the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor", we conclude that the petition for determination of relief from joint and several liability in this case was filed in violation of the automatic stay, and, therefore, we lack jurisdiction. In short, there is no exception to the automatic stay under 11 U.S.C. section 362(b) that permits the filing of a petition for determination of relief from joint and several liability, nor is there any suggestion in the record that the bankruptcy court granted petitioner relief from the automatic

---

[3]In contrast, when Congress drafted sec. 6404(g) (now sec. 6404(h)) for the purpose of expanding the Court's jurisdiction to review requests for abatement of interest, the provision included special rules expressly referring to sec. 6213. To the same effect, sec. 7436(d), involving determinations of employment status, includes a cross-reference to sec. 6213(f).

stay under 11 U.S.C. section 362(d).  Under the circumstances, the automatic stay will remain in effect until petitioner's bankruptcy case is closed or dismissed or a discharge is granted or denied.  See 11 U.S.C. sec. 362(c)(2).

It follows from our holding in this case that petitioner has effectively lost the opportunity to obtain judicial review of respondent's notice of determination in this Court.[4]  In particular, Congress did not include in section 6015 a tolling provision comparable to section 6213(f) that would extend the period for petitioner to file a petition for determination of relief from joint and several liability with the Court.  Although the outcome in this case may seem at odds with the public policies underlying section 6015, the gap in the section 6015 procedures that this case highlights is not one that can be closed by judicial fiat.  A remedy, if any, must originate with Congress.  In the end, we are obliged to grant respondent's motion to dismiss.

---

[4]  However, petitioner may still have a remedy.  We note that in certain circumstances debtors are permitted to raise claims for relief from joint and several liability before the bankruptcy court.  See In re Hinckley, 256 Bankr. 814 (Bankr. M.D. Fla. 2000) (debtor permitted to raise sec. 6015 claim in objection to the Commissioner's proof of claim); French v. United States, 242 Bankr. 369 (Bankr. N.D. Ohio 1999) (debtor permitted to raise sec. 6015 claim in adversary proceeding brought pursuant to 11 U.S.C. sec. 505(a)).

To reflect the foregoing,

An order of dismissal for lack of jurisdiction will be entered.