T.C. Memo. 2005-260

UNITED STATES TAX COURT

CLYDE D. AND YOLANDA M. ADKINS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9388-04.               Filed November 3, 2005.

<u>Thomas J. Utaski</u>, for petitioners.

<u>Robert D. Kaiser</u>, for respondent.


MEMORANDUM OPINION

LARO, <u>Judge</u>:  Respondent moves the Court for leave
(respondent's motion for leave) to file a motion under Rule 162
to vacate the stipulated decision entered in this case on
March 30, 2005, and now "final" under section 7481(a)(1).[1]

---

[1] Unless otherwise noted, section references are to the
                                        (continued...)

Respondent's motion for leave asserts that the stipulated decision is void because it was entered in violation of the automatic stay (automatic stay) of 11 U.S.C. section 362(a) (2000). Respondent has lodged with the Court his related motion to vacate the stipulated decision (respondent's motion to vacate).

We decide first whether we have jurisdiction to decide respondent's motion for leave. We hold we do. We decide second whether we should grant respondent's motion for leave. We hold we shall. We decide third whether we should grant respondent's motion to vacate. We hold we shall. We decide fourth, sua sponte, whether we should dismiss this case for lack of jurisdiction in that petitioners' petition to this Court was filed in violation of the automatic stay. We hold we shall.

Background

On April 9, 2004, respondent issued to petitioners a notice of deficiency determining a $2,107 deficiency in their 2001 Federal income tax. On the same day, respondent issued to petitioners a second notice of deficiency determining a $2,557 deficiency in their 2002 Federal income tax. On May 20, 2004, petitioners filed a petition for relief under chapter 13 of the Bankruptcy Code with the U.S. Bankruptcy Court for the Southern

[1](...continued)
applicable versions of the Internal Revenue Code, and Rule references are to the Tax Court Rules of Practice and Procedure.

District of Ohio. On June 7, 2004, petitioners petitioned this Court to redetermine the deficiencies determined in the notices of deficiency.[2]

This case was called for trial on March 14, 2005. At that time, the parties, through their respective counsel, informed the Court that the case had been settled. On March 30, 2005, the Court entered a stipulated decision reflecting the parties' settlement. On August 19, 2005, respondent learned that petitioners had filed for bankruptcy on May 20, 2004, and that the bankruptcy proceeding had been continuously ongoing ever since. Respondent notified the Court of this matter by filing respondent's motion for leave and by lodging respondent's motion to vacate.

## Discussion

Respondent desires to file a motion to vacate the parties' stipulated decision that was entered on March 30, 2005. Because neither party filed a notice of appeal or a timely motion to vacate or revise that decision, the decision became final on June 28, 2005, 90 days after it was entered. See secs. 7459(c), 7481(a)(1).

Rule 162 provides that a party seeking to vacate a decision must file an appropriate motion within 30 days after the decision

---

[2] When the petition was filed, petitioners resided in Lebanon, Ohio.

is entered, unless the Court allows otherwise.  Because respondent did not file respondent's motion to vacate within this 30-day period, respondent has requested leave from the Court to file that motion at this time.  Whether the Court allows the filing of a motion to vacate a decision after the referenced 30-day period is generally within the sound discretion of the Court.  See Estate of Egger v. Commissioner, 92 T.C. 1079, 1083 (1989); see also Heim v. Commissioner, 872 F.2d 245, 246 (8th Cir. 1989), affg. T.C. Memo. 1987-1.  Where a party legitimately attacks the jurisdiction of this Court, however, the Court must freely exercise that discretion notwithstanding the time of the attack.  See Brannon's of Shawnee, Inc. v. Commissioner, 69 T.C. 999, 1002 (1978); see also Jordon v. Gilligan, 500 F.2d 701, 704 (6th Cir. 1974).  Such is so even if the decision under attack is final under the statutory scheme applicable to decisions of this Court.  See Brannon's of Shawnee, Inc. v. Commissioner, supra at 1002; see also Jordon v. Gilligan, supra at 704.  The Court has jurisdiction to vacate a decision of ours that is void, see Roberts v. Commissioner, 175 F.3d 889, 892 n.3 (11th Cir. 1999); Abeles v. Commissioner, 90 T.C. 103, 105-106 (1988); Brannon's of Shawnee, Inc. v. Commissioner, supra at 1002; see also Jordon v. Gilligan, supra at 704, which naturally means that the Court also has jurisdiction to grant a motion for leave to file a motion to vacate a void decision.  Under the setting at hand, we shall

grant respondent's request for leave to file respondent's motion to vacate.

We turn to consider respondent's motion to vacate. The Court's jurisdiction to vacate a final decision is more limited than the Court's jurisdiction to vacate a decision that is not final. See Cinema '84 v. Commissioner, 122 T.C. 264, 270 (2004); see also Harbold v. Commissioner, 51 F.3d 618 (6th Cir. 1995). Notwithstanding whether a decision is final, however, the Court always has jurisdiction to vacate a decision that is void; e.g., because the Court lacked jurisdiction to enter the decision in the first place. See Roberts v. Commissioner, supra at 892 n.3; Billingsley v. Commissioner, 868 F.2d 1081 (9th Cir. 1989); Abeles v. Commissioner, supra at 105-106; Brannon's of Shawnee, Inc. v. Commissioner, supra at 1001-1002; see also Jordon v. Gilligan, supra at 704. Respondent asserts that the stipulated decision is void in that it was entered in violation of the automatic stay. We agree. Actions taken in this Court in violation of the automatic stay are void, see Roberts v. Commissioner, supra at 892 n.3; Brannon's of Shawnee, Inc. v. Commissioner, supra at 1000-1002; see also Prevo v. Commissioner, 123 T.C. 326 (2004); Drake v. Commissioner, 123 T.C. 320 (2004); Halpern v. Commissioner, 96 T.C. 895 (1991), and one of those actions is "the commencement or continuation of a proceeding

before the United States Tax Court concerning the debtor", 11 U.S.C. sec. 362(a)(8) (2000).

The automatic stay arises by operation of law upon the filing of a bankruptcy petition and, absent an order of the bankruptcy court to the contrary, see 11 U.S.C. sec. 362(d) (2000), continues unimpaired until the earliest of the closing of the case, the dismissal of the case, or the grant or denial of a discharge, see 11 U.S.C. sec. 362(c)(2) (2000); see also Smith v. Commissioner, 96 T.C. 10, 14 (1991).  Petitioners' bankruptcy case has been continuously ongoing since before the start of this proceeding, and we do not find that the bankruptcy court ever issued an order allowing petitioners to file their petition in this Court.  Because the automatic stay has been in place throughout this proceeding, and our entering of the parties' stipulated decision also occurred during that time, our entering of that decision violated the automatic stay and, hence, the decision is void.  Given that the stipulated decision is void, we shall vacate it.

We turn to consider the effect of petitioners' filing of their petition in this Court given that this filing also occurred during, and was in violation of, the automatic stay.  Although neither party has asked the Court to decide this issue, the Court can (and should) sua sponte decide the Court's jurisdiction whenever it is in question.  See Halpern v. Commissioner, supra;

Smith v. Commissioner, supra at 13-14; see also Neely v. Commissioner, 115 T.C. 287, 290 (2000); cf. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Because a petition that is filed in violation of the automatic stay is invalid and of no consequence, see Halpern v. Commissioner, supra; Wahlstrom v. Commissioner, 92 T.C. 703 (1989); McClamma v. Commissioner, 76 T.C. 754 (1981); see also Jordon v. Gilligan, supra at 704, we shall dismiss this case for lack of jurisdiction after we vacate the decision that was entered on March 30, 2005.

To reflect the foregoing,

An appropriate order and order of dismissal will be entered.