131 T.C. No. 12

UNITED STATES TAX COURT

MARY ANN KOLLAR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15928-05.                   Filed November 25, 2008.

        P filed a joint 1996 Federal income tax return
reporting zero income tax liability.  Before Dec. 20,
2006, P amended that return and paid the income tax
reported on the amended return.  P did not pay any
statutory interest that had accrued as to that tax.
R assessed accrued interest, and P requested from R
equitable relief from the assessed interest pursuant to
sec. 6015(f), I.R.C.  After R determined that P was not
entitled to the requested relief, P petitioned the
Court to review that determination under former sec.
6015(e)(1), I.R.C.  Relying upon <u>Billings v.
Commissioner</u>, 127 T.C. 7 (2006), which held that former
sec. 6015(e)(1), I.R.C., did not give the Court
jurisdiction to decide a case such as this where R did
not assert a deficiency against a taxpayer requesting
relief under sec. 6015(f), I.R.C. (nondeficiency sec.
6015(f) case), R moved the Court to dismiss this case
for lack of jurisdiction.  Before the Court decided
that motion, Congress enacted the Tax Relief and Health
Care Act of 2006, Pub. L. 109-432, div. C, sec. 408,

120 Stat. 3061 (TRHCA sec. 408). TRHCA sec. 408(a) and (c), 120 Stat. 3061, 3062, amended former sec. 6015(e)(1), I.R.C., to clarify that the Court has jurisdiction to decide a nondeficiency sec. 6015(f) case involving the taxpayer's "liability for taxes arising or remaining unpaid on or after" Dec. 20, 2006. R argues that the Court continues to lack the requisite jurisdiction because P paid her reported income tax before Dec. 20, 2006, and the quoted word "taxes" refers only to income tax and not to any related interest.

Held: The quoted word "taxes" includes the accrued interest related to P's 1996 income tax; thus, the Court has jurisdiction under sec. 6015(e)(1), I.R.C., as amended by TRHCA sec. 408(a), to review R's denial of equitable relief under sec. 6015(f), I.R.C., from P's liability for the accrued interest.

Jonathan P. Decatorsmith, for petitioner.

Gregory J. Stull, for respondent.

OPINION

MARVEL, Judge: Respondent moves the Court to dismiss this case for lack of jurisdiction, asserting that the Court lacks jurisdiction under section 6015(e)(1) to review respondent's determination that petitioner is not entitled to equitable relief under section 6015(f) (section 6015(f) relief).[1] Petitioner requests section 6015(f) relief from her liability for accrued interest owed with respect to her 1996 Federal income tax paid in full before December 20, 2006. We decide whether section

---

[1] Unless otherwise indicated, section references are to the applicable versions of the Internal Revenue Code (Code).

6015(e)(1) gives the Court jurisdiction to decide this case. We hold it does.

## Background

During 1996 petitioner was married to Robert J. Kollar. On April 20, 1997, Mr. Kollar died unexpectedly. On October 21, 1997, petitioner filed a joint 1996 Federal income tax return on behalf of herself and her deceased husband. The return reported zero income tax liability.

On or about November 12, 1999, petitioner filed an amended joint 1996 Federal income tax return on behalf of herself and her deceased husband. The amended return reported an income tax liability of $409,156, which petitioner paid with the return. On January 3, 2000, respondent assessed the income tax reported on the amended return and pursuant to section 6601 assessed $98,417.37 of accrued interest owed on the untimely paid income tax. That same day respondent issued to petitioner a notice and demand for payment of the unpaid interest.

On or about July 25, 2000, petitioner filed Form 8857, Request for Innocent Spouse Relief (And Separation of Liability and Equitable Relief), requesting section 6015(f) equitable relief from the unpaid interest. More than 5 years later, respondent mailed to petitioner a notice of determination denying her request. Thirty days after that mailing, petitioner through a nondeficiency stand-alone petition asked the Court to review

respondent's determination.[2]  Petitioner resided in Illinois when
she petitioned the Court.

Discussion

In general, spouses who file a joint Federal income tax
return are each responsible for the accuracy of the return and
are jointly and severally liable for the tax reported or
reportable thereon.  Sec. 6013(d)(3); Butler v. Commissioner,
114 T.C. 276, 282 (2000).  In certain circumstances a spouse may
obtain relief under section 6015 from such liability.  One type
of relief under section 6015 is provided in section 6015(f) as
equitable relief "for any unpaid tax or any deficiency (or any
portion of either)".

This Court is a court of limited jurisdiction, and we may
exercise our jurisdiction only to the extent authorized by
Congress.  See sec. 7442; Moore v. Commissioner, 114 T.C. 171,
175 (2000); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

---

[2] In this Court an individual has three ways to request sec.
6015(f) relief.  First, when an individual petitions the Court to
redetermine a deficiency, the individual may allege as an
affirmative defense that he or she is entitled to sec. 6015(f)
relief.  Second, the individual may request sec. 6015(f) relief
in a collection case commenced under sec. 6330(d)(1).  Third,
where an individual like petitioner has requested sec. 6015(f)
relief and the Commissioner has denied that request (or failed to
rule on the request within 6 months of its filing), the
individual may request sec. 6015(f) relief by filing a
stand-alone petition pursuant to sec. 6015(e)(1).  See Drake v.
Commissioner, 123 T.C. 320, 323 (2004).  In a nondeficiency case
commenced through the filing of a stand-alone petition, the only
relief under sec. 6015 available to the petitioning taxpayer is
sec. 6015(f) relief.

Before December 20, 2006, former section 6015(e)(1) provided this Court with jurisdiction to review the Commissioner's denial of relief under section 6015 only "In the case of an individual against whom a deficiency has been asserted and who elects to have subsection (b) or (c) apply".  In Billings v. Commissioner, 127 T.C. 7 (2006), we held that former section 6015(e)(1) did not provide this Court with jurisdiction to review a nondeficiency stand-alone petition for relief under section 6015; i.e., a petition for relief under section 6015 filed by an individual against whom the Commissioner had not asserted a deficiency. Shortly thereafter, Congress amended former section 6015(e)(1) to provide this Court with jurisdiction over such stand-alone petitions by adding to that section the words "or in the case of an individual who requests equitable relief under subsection (f)".[3]  See Tax Relief and Health Care Act of 2006, Pub. L.

---

[3] As amended, sec. 6015(e)(1) provides in relevant part:

   SEC. 6015(e).  Petition for Review by Tax Court.--

      (1)  In general.--In the case of an individual against whom a deficiency has been asserted and who elects to have subsection (b) or (c) apply, or in the case of an individual who requests equitable relief under subsection (f)--

         (A)  In general.--* * * the individual may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief available to the individual under this section * * *

109-432, div. C, sec. 408(a), 120 Stat. 3061 (TRHCA sec. 408).[4] This amendment applies "with respect to liability for taxes arising or remaining unpaid on or after the date of the enactment of this Act." Id. sec. 408(c), 120 Stat. 3062. TRHCA was enacted on December 20, 2006. See 120 Stat. 2922.

Respondent asserts that the amendment to former section 6015(e)(1) does not apply to the setting at hand because petitioner paid her 1996 Federal income tax before December 20, 2006, and thus on or after that date petitioner had no remaining unpaid tax for 1996 so as to trigger an application of the amendment. According to respondent, the word "taxes" in TRHCA section 408(c) refers only to income tax and does not refer to any related interest. We disagree. Because TRHCA does not define the word "taxes" for purposes of TRHCA section 408(c), we apply that word in accordance with the meaning that we ascertain was intended by Congress. See Conn. Natl. Bank v. Germain, 503 U.S. 249, 253-254 (1992); United States v. Am. Trucking Associations, 310 U.S. 534, 542 (1940). Because Congress's use of the word "taxes" in TRHCA section 408(c) is in the setting of

---

[4] TRHCA sec. 408 includes three subsections. Subsec. (a) sets forth the amendment to sec. 6015(e)(1) just discussed. Subsec. (b) sets forth seven "Conforming Amendments" to various provisions of sec. 6015. Subsec. (c) sets forth the effective date of TRHCA sec. 408, stating that "The amendments made by this section shall apply with respect to liability for taxes arising or remaining unpaid on or after the date of the enactment of this Act."

Federal income tax and of various amendments that TRHCA section 408 made directly to section 6015, we believe that Congress's intent for the meaning of the word "taxes" is best gleaned from Congress's understanding of the firmly established meaning of that word as used in the Code (and, as discussed below, applicable to section 6015(f)) when TRHCA was enacted.  See Stewart v. Dutra Constr. Co., 543 U.S. 481, 487-488 (2005) (applying the established meaning under general maritime law of the word "seaman" where the applicable statute did not define that word).  We do not believe that Congress intended that the word "taxes" have a meaning in the context of TRHCA section 408(c) different from its meaning in the context of the provisions of the Code to which TRHCA section 408 relates.

As of the time when TRHCA was enacted, Congress had provided specifically in sections 6601(e)(1) and 6665(a) that "tax" for purposes of the Code included interest and penalties, except in certain cases that are not relevant to our discussion.[5]  In addition, Congress had provided in section 6015(b)(1) that the

---

[5] Sec. 6601 generally sets forth rules for the payment of interest on the underpayment of tax.  Sec. 6601(e)(1) provides that "Any reference in this title (except subchapter B of chapter 63, relating to deficiency procedures) to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax."  Sec. 6665 sets forth certain applicable rules.  Sec. 6665(a)(2) provides that "any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the additions to tax, additional amounts, and penalties provided by this chapter."

word "tax" included "interest, penalties, and other amounts".[6] Given these expansive definitions of the word "tax" for purposes of the Code and the fact that we cannot fathom why Congress would have chosen a narrower definition of the word "taxes" in the setting of TRHCA section 408, a remedial provision designed to benefit taxpayers who were precluded by Billings v. Commissioner, supra, from having their claims to section 6015(f) relief decided by this Court, we conclude that "taxes" as used in TRHCA section 408(c) includes the accrued interest at hand. See Leahy v. Commissioner, 129 T.C. 71, 72 & n.3 (2007) (stating that the reference in section 7463(f)(2) to the word "tax" includes interest and penalties on account of sections 6601(e)(1) and 6665(a)); Petrane v. Commissioner, 129 T.C. 1, 4 (2007) (stating that the reference in section 6015(f) to "tax" includes interest and penalties on account of sections 6601(e)(1) and 6665(a)); see also Helvering v. Bliss, 293 U.S. 144, 150-151 (1934) (stating that remedial provisions should not be construed narrowly). We are not unmindful that our conclusion as to the meaning of "taxes" in TRHCA section 408(c) also fits squarely within an ordinary, everyday meaning of "tax". The noun "tax" denotes "a charge usu. of money imposed by authority on persons or property for public purposes", Merriam-Webster's Collegiate Dictionary

---

[6] Sec. 6015(b)(1) allows a spouse who meets certain requirements to "be relieved of liability for tax (including interest, penalties, and other amounts)".

1208 (10th ed. 1999), and statutory interest payable on income tax is as much such a "charge" as income tax is.

Respondent does not reference any legislative history underlying TRHCA section 408 in support of a contrary conclusion; nor do we read any such legislative history to lead to a contrary conclusion. Respondent supports with two assertions his conclusion that "taxes" in TRHCA section 408(c) includes only income tax. First, respondent asserts, the Court in Washington v. Commissioner, 120 T.C. 137, 158-159 (2003), acknowledged that the "tax" referred to in section 6015(f) is simply the "tax reported on the return, but not paid with the return." Second, respondent asserts, interest and penalties are not separate items for which the Commissioner may grant a taxpayer relief under section 6015(f); in other words, respondent asserts that a taxpayer may receive relief under section 6015 from interest and penalties only as a mechanical adjustment flowing from the Commissioner's granting of relief from income tax.

Respondent's reliance on those two assertions to support his conclusion is misplaced. First, respondent takes the quotation from Washington out of context. In Washington, the Commissioner argued that section 6015(f) applied only to the portion of tax remaining uncollected after the effective date of that section. We disagreed, relying upon the quoted text in the setting of that case as partial support for our disagreement. We did not state

as respondent now argues that the "tax" referred to in section 6015(f) is limited to the income tax reported on the return. In fact, as discussed above, we have indicated to the contrary. See Petrane v. Commissioner, supra at 4. Second, we read nothing in section 6015(e)(1), nor has respondent pointed to any text in that section, that persuades us to conclude that the Commissioner's ability to grant section 6015(f) relief from interest and penalties without granting relief from income tax is a function of our jurisdiction under section 6015(e)(1). To the contrary, we conclude it is not. Cf. Demirjian v. Commissioner, T.C. Memo. 2004-22 (holding that the taxpayer was not eligible for section 6015(f) relief from accrued statutory interest with respect to her 1989 Federal income tax, after holding that the taxpayer had no unpaid income tax for that year); Rowe v. Commissioner, T.C. Memo. 2001-325 (holding that the Court has jurisdiction to review the Commissioner's denial of section 6015(f) relief from additions to tax and penalties).

We hold that "taxes" in TRHCA section 408(c) includes the accrued interest at hand and that we therefore have jurisdiction over this case. We have considered all arguments for a contrary

holding, and we reject all arguments not discussed herein as without merit.  Accordingly, to reflect the foregoing,

<u>An appropriate order</u>

<u>will be issued</u>.