T.C. Memo. 2010-160


UNITED STATES TAX COURT


H. RICHARD SHUTTS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6322-04.                    Filed July 26, 2010.


        On Mar. 22, 2005, P and R reached a basis of
settlement in a deficiency case.  Two days later, P
filed for bankruptcy.  On Apr. 12, 2005, during the
pendency of the bankruptcy action, this Court entered
decision pursuant to the parties' agreement.  R now
files a motion for leave to file a motion to vacate and
lodges a motion to vacate.  P objects to the granting
of the motion.

        <u>Held</u>:  The Apr. 12, 2005 decision is void because
it was entered in violation of the automatic stay of 11
U.S.C. sec. 362(a)(8) (2000).  R's motion for leave and
R's motion to vacate shall both be granted.


H. Richard Shutts, pro se.

<u>Lisa M. Oshiro</u>, for respondent.

MEMORANDUM OPINION

ARMEN, Special Trial Judge:  This matter is before the Court on respondent's motion for leave to file a motion under Rule 162 to vacate the stipulated decision entered on April 12, 2005, and now final under section 7481(a)(1).[1]  At issue is whether the Court lacked jurisdiction to enter the stipulated decision because petitioner had filed a petition in bankruptcy on March 24, 2005, giving rise to the automatic stay imposed by 11 U.S.C. section 362(a)(8) (2000).

Background

Petitioner resided in the State of Idaho when the petition was filed on April 12, 2004.

On March 22, 2005, petitioner and respondent's Appeals Office reached a basis of settlement.  Thereafter, petitioner's then-attorney and counsel for respondent signed the stipulated decision, which decision was entered by the Court on April 12, 2005.

On March 24, 2005, just 2 days after the basis of settlement had been reached, but before the stipulated decision had been signed by counsel for the parties and entered by the Court, petitioner filed a petition in bankruptcy under chapter 7 of the

_____

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Bankruptcy Code.[2]  The bankruptcy court issued a discharge on July 13, 2005.

As stated above, respondent filed the Motion For Leave To File Respondent's Motion To Vacate Decision Out Of Time on February 26, 2010.  On that same day respondent also lodged a Motion To Vacate Decision.

In response to an Order of the Court dated March 8, 2010, petitioner filed an Objection to respondent's motion for leave on April 7, 2010.  Petitioner concurrently has a case pending before the Court that is the collection action that commenced upon entry of the decision in the present case.  Petitioner objects to the granting of the motion for leave in this case on the grounds that the motion was filed in the wrong action and that resolution of the collection case would render the motion moot.

## Discussion

Respondent desires to file a motion to vacate the stipulated decision entered on April 12, 2005.  Because neither party filed a notice of appeal or a timely motion to vacate or revise that decision, it became final on July 11, 2005, 90 days after it was entered.  See secs. 7459(c), 7481(a)(1).

---

[2]  Presumably, neither petitioner's tax counsel nor counsel for respondent was aware of the bankruptcy filing at the time that the stipulated decision was entered.  The Court was first advised of that matter by respondent upon the filing of his motion for leave.

Rule 162 provides that a party seeking to vacate a decision must file an appropriate motion within 30 days after the decision is entered, unless the Court allows otherwise.  Because respondent did not file his motion to vacate within the 30-day period, respondent has requested leave from the Court to file that motion at this time.

The disposition of a motion for leave to file a motion to vacate or revise a decision lies within the sound discretion of the Court.  See Heim v. Commissioner, 872 F.2d 245, 246 (8th Cir. 1989), affg. T.C. Memo. 1987-1; see also Toscano v. Commissioner, 441 F.2d 930, 938 (9th Cir. 1991) (Byrne, J., dissenting), vacating 52 T.C. 295 (1969); Commissioner v. Estate of Long, 304 F.2d 136, 144 (9th Cir. 1962).  Where a party legitimately challenges the jurisdiction of this Court, however, the Court should freely exercise that discretion, notwithstanding the time of the challenge and even if the decision under attack is otherwise final.  See Brannon's of Shawnee, Inc. v. Commissioner, 69 T.C. 999, 1002 (1978).

The Court has jurisdiction to vacate a decision that is void, Abeles v. Commissioner, 90 T.C. 103, 105-106 (1988), which naturally means that the Court also has jurisdiction to grant a motion for leave to file a motion to vacate a void decision, Adkins v. Commissioner, T.C. Memo. 2005-260.  Under the present

setting, we shall grant respondent's motion for leave to file respondent's motion to vacate.

We now turn to respondent's motion to vacate. Once a decision of this Court becomes final, we may vacate the decision only in certain narrowly-circumscribed situations. See Helvering v. N. Coal Co., 293 U.S. 191 (1934); Drobny v. Commissioner, 113 F.3d 670, 677 (7th Cir. 1997), affg. T.C. Memo. 1995-209; Curtis v. Commissioner, T.C. Memo. 1996-371. The Courts of Appeals have consistently held that the Tax Court lacks the authority to vacate or revise an otherwise final decision on grounds such as newly-discovered evidence or excusable neglect. Abatti v. Commissioner, 859 F.2d 115, 117-118 (9th Cir. 1988), affg. 86 T.C. 1319 (1986). The Courts of Appeals have generally allowed an exception to the usual rule of finality of section 7481 for fraud on the Court. Id. at 118. In addition, the Courts of Appeals, and in particular the Court of Appeals for the Ninth Circuit, the court to which this case is appealable, has held that the Tax Court may vacate a final decision if that decision is shown to be void, or a legal nullity, for lack of jurisdiction over the subject matter. Billingsley v. Commissioner, 868 F.2d 1081 (9th Cir. 1989); see also Roberts v. Commissioner, 175 F.3d 889, 892 n.3 (11th Cir. 1999).

In the present case, respondent contends that the decision entered on April 12, 2005, is void because it was entered in violation of the automatic stay of 11 U.S.C. section 362(a)(8).

A bankruptcy filing generally triggers an automatic stay of Tax Court proceedings concerning the debtor.  Actions that are subject to the automatic stay are set forth in 11 U.S.C. section 362(a).  At the time petitioner filed for bankruptcy, 11 U.S.C. section 362(a) provided in relevant part:

§ 362.  Automatic stay

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities of--

*     *     *     *     *     *     *

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.[3]

The automatic stay generally operates to temporarily bar actions against or concerning the debtor or property of the

---

[3]  The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, sec. 709, 119 Stat. 127, amended sec. 362(a)(8) of the Bankruptcy Code by striking out "the debtor" and inserting "a corporate debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title". This provision became effective with respect to petitions for relief under the Bankruptcy Code filed on or after Oct. 17, 2005. See id. sec. 1501, 119 Stat. 216.  Because petitioner filed his bankruptcy case on Mar. 24, 2005, this amendment does not apply here.

debtor or the bankruptcy estate.  <u>Allison v. Commissioner</u>, 97 T.C. 544, 545 (1991).  In a chapter 7 bankruptcy, such as that of petitioner, and as applicable here, an automatic stay is generally lifted only at "the time a discharge is granted or denied."  11 U.S.C. sec. 362(c)(2)(C) (2000).

The Court of Appeals for the Ninth Circuit has stated that actions in violation of the automatic stay are void and not merely voidable.  <u>Schwartz v. United States</u>, 954 F.2d 569, 571 (9th Cir. 1992); see also <u>Stringer v. Huet</u>, 847 F.2d 549, 551 (9th Cir. 1988).  One of those actions is the "continuation of a proceeding before the United States Tax Court concerning the debtor".  11 U.S.C. sec. 362(a)(8) (2000).

Petitioner filed his Tax Court petition on April 12, 2004.  On March 24, 2005, petitioner filed a petition in bankruptcy, which temporarily barred the continuation of petitioner's pending Tax Court case.  See 11 U.S.C. sec. 362(a)(8).  Petitioner was granted a discharge on July 13, 2005, bringing to an end the automatic stay.  See <u>id.</u> sec. 362(c)(2)(C).  But the stipulated decision was entered on April 12, 2005, during the period of time that the automatic stay was in effect.  Thus, the entering of the decision violated the automatic stay, and that decision is, therefore, void.  Given that the stipulated decision is void, we shall grant respondent's motion to vacate the decision.

## Conclusion

Finally, in reaching the conclusions described herein, we have considered all arguments made by petitioner, and, to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.