In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 12-2099 & 12-2100

SEVEN W. ENTERPRISES, INC. AND
SUBSIDIARIES and HIGHLAND SUPPLY
CORPORATION AND SUBSIDIARIES,

*Petitioners-Appellants*,

*v.*

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee*.

Appeals from the United States Tax Court.
Nos. 13594-08, 13595-08

ARGUED FEBRUARY 12, 2013—DECIDED JULY 24, 2013

Before RIPPLE and TINDER, *Circuit Judges*, and ZAGEL,
*District Judge*.*

RIPPLE, *Circuit Judge*. Seven W. Enterprises, Inc. and
Subsidiaries ("Seven W") and Highland Supply Corpora-

---

* The Honorable James B. Zagel, of the United States
District Court for the Northern District of Illinois, sitting
by designation.

tion and Subsidiaries ("Highland") (collectively "the Taxpayers") filed petitions for redetermination with the United States Tax Court. The petitions were consolidated for trial, and the Tax Court issued a decision with respect to each petition. Those decisions, however, inadvertently attributed Seven W's tax liability to Highland, and Highland's tax liability to Seven W. The Commissioner of the Internal Revenue Service ("Commissioner") later discovered the errors and filed motions to vacate the prior decisions. The Tax Court granted the motion, vacated its initial decisions and issued new, corrected decisions. The Taxpayers moved for reconsideration. Their motion was denied, and they timely appealed. For the reasons set forth in the following opinion, we vacate the new decisions of the Tax Court and remand with instructions to reinstate and correct its original decisions.

# I

## BACKGROUND

On June 4, 2008, Seven W and Highland filed petitions for redetermination with the Tax Court based on notices of deficiency that had been issued on March 7, 2008.[1] The cases were consolidated for trial, and a trial was conducted on April 28, 2009. The Tax Court issued opinions on June 7, 2011. With respect to Seven W, a calendar-year taxpayer, the Tax Court rejected the deficiency

---

[1] The Tax Court had jurisdiction of the redetermination petitions pursuant to 26 U.S.C. § 6213(a).

for calendar year 2000, but affirmed the deficiencies for the years 2001 through 2003. With respect to Highland, a fiscal-year taxpayer, the Tax Court affirmed deficiencies for the fiscal years ending on April 30, 2003, and April 30, 2004. Although the Tax Court's *opinions* correctly identified the taxpayer with its respective tax liability, the Tax Court's *decisions*, entered on June 8, 2011, incorrectly stated that Seven W was responsible for deficiencies in fiscal years ending on April 30, 2003, and April 30, 2004, and that Highland was responsible for deficiencies for calendar years 2001 through 2003.

The Commissioner subsequently discovered the clerical error and, on December 8, 2011, sought leave from the Tax Court to file a motion to vacate the Tax Court's June 8, 2011 decisions.[2] According to the Commissioner, the Tax Court "ha[d] no jurisdiction" over the years purportedly covered by the decisions.[3] The Commissioner argued that our decision in *Michaels v. Commissioner*, 144 F.3d 495, 496-97 (7th Cir. 1998), authorized the Tax Court to "vacate or correct the Decision, notwithstanding that more than 90 days ha[d] passed

---

[2]  The rules of the Tax Court require the Commissioner to seek leave of court to file a motion to vacate a decision that was entered more than thirty days prior to the motion. *See* Tax Court Rule 162 ("Any motion to vacate or revise a decision, with or without a new or further trial, shall be filed within 30 days after the decision has been entered, unless the Court shall otherwise permit.").

[3]  Sep. App'x 83-84.

since the Decision was entered, and that the Decision . . . otherwise ha[d] become final under section 7481."[4]

The Taxpayers did not object to the Tax Court correcting the errors; they did object, however, to the vacatur of the original decisions. The Taxpayers observed that, in *Michaels*, a case that also involved a clerical error in the decision, the Tax Court had not vacated the earlier decision, but simply had issued an order correcting the prior decision. "The error in the present case," the Taxpayers urged, "is identical to the error in *Michaels*. Therefore, the most appropriate remedy in this case is to deny the motion to vacate but enter an order correcting the decision . . . ."[5]

On February 3, 2012, the Tax Court, "for the reasons set forth in [the Commissioner's] motion for leave," vacated its June 8 decisions and entered new decisions correctly setting forth the respective deficiencies of Seven W and Highland.[6] The Taxpayers moved for the Tax Court to reconsider and to vacate this new decision. According to the Taxpayers, the Tax Court's original decisions, issued on June 8, 2011, had become final on September 6, 2011. Absent fraud on the court, they maintained, the Tax Court lacked the authority to vacate a

---

[4]  *Id.* at 84.

[5]  *Id.* at 110-11.

[6]  App'x 1, 2.

decision that had become final.[7] The Tax Court denied the Taxpayers' motion without opinion on March 16, 2012, and the Taxpayers timely appealed.

## II

## ANALYSIS

In the present appeal, we are called upon to determine whether the Tax Court had the authority to grant the Commissioner's motion to vacate, which is a question of law that we review de novo. *See Abatti v. Comm'r*, 859 F.2d 115, 117 (9th Cir. 1988).[8]

Before us, the parties renew the arguments made to the Tax Court. Namely, the Taxpayers maintain that, absent fraud on the court, which is not alleged here, the Tax Court does not have the authority to vacate a decision that has become final. The Commissioner maintains in response that the June 8 decisions of the Tax Court were not final because they "did not dispose of all of the claims of all the parties."[9] Specifically, the Commissioner notes that "the finality principle that governs the jurisdiction to review decisions by district courts

---

[7] *See* Sep. App'x 121-22 (citing *Drobny v. Comm'r*, 113 F.3d 670, 677 (7th Cir. 1997), and *Kenner v. Comm'r*, 387 F.2d 689, 690-91 (7th Cir. 1968)).

[8] We have jurisdiction over the decisions of the Tax Court pursuant to 26 U.S.C. § 7482(a)(1).

[9] Resp't's Br. 19.

also applies to decisions of the Tax Court."[10] In the Tax Court, as in the district courts, a judgment that disposes of fewer than all of the claims is nonfinal and, absent an express determination pursuant to Federal Rule of Civil Procedure 54(b),[11] is not immediately appealable. *See Shepherd v. Comm'r*, 147 F.3d 633, 635 (7th Cir. 1998). Here, the Commissioner continues, the June 8 decisions did not dispose of *any* of the claims raised by the Taxpayers in their petitions. Consequently, because they did not dispose of the Taxpayers' claims, the June 8 decisions were nonfinal.

We do not believe, however, that the present case is governed by our decision in *Shepherd*. In *Shepherd*, the issue before the court was "whether an order of the Tax Court finally resolving the disputes between the

---

[10] *Id.* at 18.

[11] Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

taxpayer and the IRS relating *to some but not all* of the tax years involved in the case before the court is appealable." *Id.* at 634 (emphasis added). Here, however, the Tax Court's decisions are not partial decisions; they purport to address all of the claims, but due to a clerical error, address all of the claims related to a different taxpayer. We addressed a similar clerical error in *Michaels*.

In *Michaels*, the Tax Court entered a decision stating that the taxpayers were due an overpayment for tax years 1979 and 1980, but incorrectly stated that there was a tax deficiency for tax year 1982, while the deficiency actually was for tax year 1976. The Commissioner later assessed a tax deficiency for tax year 1976, which was consistent with the Tax Court's opinion, but not its decision. Following the assessment, the taxpayers informed the Commissioner "of their view that no assessment could properly be made against them for the 1976 tax year." *Michaels*, 144 F.3d at 496. The Commissioner became aware of the error and, just as in the present case, "filed a document with the court styled a 'motion for leave to file a motion to vacate and correct decision.'" *Id.* The Tax Court subsequently entered an order denying the motion, but correcting the decision so that it referenced the correct tax year for the deficiency. The Michaelses then appealed "arguing that the Tax Court lacked the power to correct the error in its original decision and therefore that the Commissioner's assessment for the 1976 tax year [wa]s not based upon any valid decision of the Tax Court." *Id.* We affirmed. Noting that there was no Tax Court rule dealing

with clerical errors,[12] we nevertheless observed that Tax Court Rule 1(a) allowed the Tax Court to draw upon the Federal Rules of Civil Procedure as a "source of persuasive authority . . . in filling any gaps in its own rules of procedure" and that Rule 60(a) allowed a court to correct clerical errors at any time. *Id.* at 497. We noted that

> [t]he Michaelses point out that the substance of a decision becomes final and unappealable once the statutory period for filing an appeal has expired. But the same is largely true of district court decisions, subject to such extraordinary remedies as those contained in Rule 60(b), and yet the expiration of the time for filing a notice of appeal does not prevent a district court from acting under Rule 60(a) to correct a clerical error in its judgment. The Michaelses' arguments that the Tax Court should be prevented from taking the same action because it is a creation of Article I rather than Article III of the Constitution, or because it is a court of limited jurisdiction, are not persuasive.

*Id.* (footnote omitted) (citation omitted). We concluded, therefore, that

> there is no obstacle to the course the Tax Court took in this case. It was within the court's power to

---

[12] *See Michaels v. Comm'r*, 144 F.3d 495, 497 (7th Cir. 1998) ("None of the rules the [tax] court has promulgated under that authority explicitly allows for the correction of clerical or typographical errors in decision documents.").

correct its own clerical error, at least in this case where nobody can plausibly claim to have been misled or to have detrimentally relied on the inaccurate decision document.

*Id.* at 498.

*Michaels*, we believe, governs the situation before us. As in the present case, the Tax Court decision in *Michaels* contained a clerical error. To remedy that situation, the Tax Court entered an order correcting the error. Nothing in *Michaels* suggests that there was an alternative to the Tax Court's approach, such as vacating its prior, incorrect decision. Indeed, in *Michaels* the Tax Court had denied the Commissioner's motion to vacate. *See id.* at 496; *see also Carroll v. United States*, 339 F.3d 61, 71, 65 (2d Cir. 2003) (holding that, once the decision became final, "the Tax Court had no jurisdiction to vacate" it on the basis of a "clerical error," namely that the signature page of the initial decision lacked "the requisite 'Entered' date").

The Commissioner argues, nonetheless, that, in *Michaels*, we left open the possibility that the Tax Court may vacate an incorrect decision: "The Tax Court in *Michaels*, however, did not hold that an order is the only method for correcting an erroneous decision."[13] Although *Michaels* may not foreclose that possibility, other cases from this circuit do. In *Drobny v. Commissioner*, 113 F.3d 670 (7th Cir. 1997), we noted our precedent that "the Tax Court could set aside an otherwise final decision

---

[13] Resp't's Br. 25-26.

only if the party seeking to vacate the decision could convincingly establish that the decision resulted from a 'fraud upon the court.'" *Id.* at 677 (quoting *Kenner v. Comm'r*, 387 F.2d 689, 689 (7th Cir. 1968)). Moreover, the fraud must have "induced, caused, or had a material effect upon the decision," in order for the Tax Court to vacate the decision on that basis. *Id.* at 678. Here, there simply is no evidence, indeed no allegation, that the Tax Court's June 8 decisions were the result of fraud on the court.

Despite our holding in *Drobny*, the Commissioner nonetheless maintains that the Tax Court was without jurisdiction to render the June 8 decisions, and, therefore, those decisions are "legal nullit[ies]."[14] The cases cited by the Commissioner in support of this proposition, however, concern situations in which the Tax Court never acquired jurisdiction over the taxpayers' claims;[15]

---

[14] *Id.* at 27 (quotation marks omitted).

[15] *See, e.g.*, *Billingsley v. Comm'r*, 868 F.2d 1081, 1084-85 (9th Cir. 1989) (holding that Tax Court had the authority to reopen a decision once it becomes final if it lacked jurisdiction to issue the initial decision); *Shutts v. Comm'r*, 100 T.C.M. (CCH) 57 (2010), 2010 WL 2901706, at *2-3 (holding that Tax Court had the authority to vacate a decision entered in violation of an automatic stay because "actions in violation of the automatic stay are void"); *Levitt v. Comm'r*, 66 T.C.M. (CCH) 40 (1993), 1993 WL 246240, at *7 (holding that Tax Court had the authority to vacate a decision when it was discovered that the taxpayer

(continued...)

they do not concern situations, such as we have here, where the Tax Court clearly had jurisdiction over the redetermination petitions of the Taxpayers, but simply misstated its rulings on those petitions in its written decisions. Indeed, one of the cases relied upon by the Commissioner, *Billingsley v. Commissioner*, 868 F.2d 1081, 1084 (9th Cir. 1989), distinguishes between "a decision which never becomes final, as opposed to a decision which *is* final but was entered erroneously"; only the first type of decision "can be the subject of a motion to vacate even after the expiration of the time for appeal."

Our case law makes it clear that, absent a fraud that infected the Tax Court's decision, the Tax Court cannot vacate a decision that has become final. Here, the Tax Court issued its decisions on June 8, and those decisions became final on September 6, 2011. The Commissioner does not contend that the June 8 decisions were the result of fraud. Consequently, the Tax Court did not have the authority to vacate those decisions. Instead, as was done in *Michaels*, the Tax Court should have corrected the initial decisions without vacating them.

## Conclusion

The decisions of the Tax Court entered on February 3, 2012, are reversed, and the case is remanded to the Tax

---

[15] (...continued)

never signed or ratified a petition, which was necessary to invoke the Tax Court's jurisdiction).

Court with instructions to reinstate its earlier decisions dated June 8, 2011. The Tax Court then must amend the decisions of June 8, 2011, to reflect the correct liability of each taxpayer. No other issue is presented properly in this appeal.[16] The taxpayers shall recover their costs in this court.

VACATED and REMANDED
WITH INSTRUCTIONS

---

[16] In addition to seeking vacatur of the Tax Court's February 3, 2012 decisions, the Taxpayers "[a]lternatively" request that we determine that those decisions "did not alter or extend the statute of limitations for assessment and that the statute of limitations for assessment expired on November 7, 2011." Pet'rs' Br. 24. The Taxpayers never raised the issue of the statute of limitations before the Tax Court, and the Tax Court did not rule on the issue. "As a general rule, a taxpayer may not address an issue on appeal which it has not first presented to the Tax Court." *Grant v. Comm'r*, 103 F.3d 948, 952 (11th Cir. 1996). Indeed, at oral argument, counsel for the Taxpayers was at a loss to provide us with a basis for our authority to decide this issue in the first instance. We therefore decline to do so.