**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-79

UNITED STATES TAX COURT

JOHN ANDREW GRAHAM AND JUDITH ANN GRAHAM, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6315-13S.                    Filed August 19, 2014.

John Andrew Graham and Judith Ann Graham, pro sese.

<u>H. Elizabeth H. Downs</u> and <u>Jamie M. Stipek</u>, for respondent.

SUMMARY OPINION

NEGA, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the years in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioners' Federal income tax of $15,785 and $13,077 for the tax years 2008 and 2009, respectively. Respondent also determined section 6662(a) accuracy-related penalties of $3,157 and $2,615.40 for 2008 and 2009, respectively.

After concessions, the issues for decision are whether section 469 precludes petitioners' claimed deductions for rental real estate losses and whether petitioners are liable for the penalties.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. Petitioners resided in Arkansas when the petition was filed.

Petitioner John Andrew Graham was a salaried employee of Alltel Communications (Alltel) in 2008 and of Alltel and Cellco Partnership (doing business as Verizon Wireless) in 2009.

Petitioners reported owning nine residential rental properties in 2008 and eight residential rental properties in 2009. Mr. Graham testified that these properties were single-family, two-bedroom small houses. On jointly filed tax

returns for 2008 and 2009, petitioners elected to group their rental properties as a single rental real estate activity, representing that Mr. Graham qualified as a real estate professional. They deducted a rental real estate loss for each year in issue.

After their 2008 and 2009 Forms 1040, U.S. Individual Income Tax Return, were examined by respondent, Mr. Graham prepared summary spreadsheets substantiating the hours he spent managing petitioners' rental properties and hours he spent working as a salaried employee at Alltel. For the 2008 tax year Mr. Graham initially claimed to have spent 917 hours managing petitioners' rental properties and 1,640 hours working as a salaried employee. However, Mr. Graham modified his 2008 rental management spreadsheet before trial to include appointments with prospective tenants, open houses, and inspections (items that were not immediately expensable).[2] He also modified the spreadsheet

---

[2] At trial respondent objected on the basis of hearsay to the introduction into evidence of Mr. Graham's modified 2008 and 2009 spreadsheets and the letters he provided from former colleagues. The Court observes that this is a small tax case, and sec. 7463 generally allows disputes in small tax cases to be decided in proceedings in which the normally applicable procedural and evidentiary rules are relaxed. In addition, Rule 174(b) provides: "Trials of small tax cases will be conducted as informally as possible consistent with orderly procedure, and any evidence deemed by the Court to have probative value shall be admissible." See Schwartz v. Commissioner, 128 T.C. 6, 7 (2007). The documents petitioner offered have some probative value. Therefore, we overrule respondent's evidentiary objections, and the exhibits are admitted into evidence. Even still, the admission of these documents does not alter the outcome of our inquiry into

(continued...)

substantiating his hours at Alltel by indicating that he worked 20 hours a week instead of 40 hours and by subtracting accrued vacation days from his total amount.[3]  Because Mr. Graham computed 440 hours of leave time, his modified total number of hours as a salaried employee for Alltel in 2008 was 600 hours.

At trial Mr. Graham testified that Alltel did not use time records to keep track of the hours he worked.  Mr. Graham also provided written testimony from former Alltel colleagues who approximated the number of hours he worked at the office during a typical workweek.[4]  They also stated that it was not unusual for him to work remotely for Alltel.  Some of these former colleagues explicitly stated that they did not work at Alltel or Verizon Wireless during 2008 or 2009.

Mr. Graham's modified rental management spreadsheets generally included entries for showing the properties, cleaning the premises, and performing general maintenance work.  Among the entries were:  reporting 7 hours to install new locks at one property; reporting 30 hours to "place[] mulch" on a property; meeting with a tenant five times throughout the year even though no rents were

---

[2](...continued)
whether Mr. Graham was a real estate professional.

[3]See supra note 2.

[4]See supra note 2.

collected on the property for the entire year; and recording the same recurring time (usually two hours) for appointments to show a property.

For the 2009 tax year Mr. Graham logged 1,152 hours managing petitioners' rental properties and 600 hours working as a salaried employee for Alltel.[5]  In 2009 he did not log any hours as an employee for Verizon Wireless even though he earned wages from this company.

With respect to Mr. Graham's 2009 rental management spreadsheet, his entries included:  taking three hours to place "for sale" signs on a property after the signs had been purchased; recording maintenance issues as "plumbing" when the activity described was painting; and making recurring two-hour inspections of properties to determine whether a tenant was "not home" or a property was "vacant".

Petitioners' rental real estate loss deductions were disallowed in the statutory notice of deficiency.  Petitioners' understatements of income tax exceeded the greater of 10% of the tax shown on their returns or $5,000 for each year.

---

[5]See supra note 2.

## Discussion

I.    Burden of Proof

The Commissioner's determinations set forth in a notice of deficiency are presumed correct, and generally speaking the taxpayer bears the burden of showing the determinations are in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction or credit claimed.  New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); see Rule 142(a).  This includes the burden of substantiation.  Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).

Under certain circumstances, the burden of proof as to factual matters may shift pursuant to section 7491(a) from the taxpayer to the Commissioner, but only if the taxpayer introduces credible evidence regarding a factual matter affecting liability and only if the substantiation requirements are met, required records are maintained, and the taxpayer cooperates with the Internal Revenue Service's (IRS) reasonable requests.  Sec. 7491(a)(1) and (2).  Petitioners did not maintain contemporaneous records accurately accounting for the time Mr. Graham spent as an employee of Alltel and Verizon Wireless or as a real estate businessman.  Accordingly, section 7491(a) does not shift the burden to respondent, and Mr.

Graham therefore retains the burden of proof with respect to the deficiencies.  <u>See</u> Rule 142(a)(1).

    II.      <u>Section 469 Losses From Rental Real Estate Activities</u>

Taxpayers are allowed deductions for certain business and investment expenses under sections 162 and 212.  The extent to which a taxpayer is entitled to a rental real estate loss deduction may be limited by section 469.  That section sets forth what are commonly referred to as the passive activity loss rules.

In general, an individual is not entitled to a deduction for a passive activity loss for the year in which it is sustained.  <u>See</u> sec. 469(a).  Except as provided in section 469(c)(7), the term "passive activity" includes any rental activity.  Section 469(c)(2), (4).  An otherwise deductible loss attributable to a rental real estate activity and sustained by an individual who <u>actively participates</u> in that rental real estate activity is deductible to a limited extent (fully phased out when adjusted gross income reaches $150,000).[6]  <u>See</u> sec. 469(i).  An otherwise deductible loss attributable to a rental real estate activity and incurred by a taxpayer who <u>materially participates</u> in a real property business is not subject to the limitations imposed by the passive activity loss rules if the taxpayer:  (1) performs more than one-half of the personal services during the year in real property trades or

---

[6]Sec. 469(i) is not at issue in this case.

businesses in which the taxpayer materially participates; and (2) performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates. See sec. 469(c). In the case of a joint tax return, either spouse must separately satisfy both requirements. Sec. 469(c)(7)(B).

The disagreement between the parties is relatively simple--the parties disagree as to the number of hours Mr. Graham spent during 2008 and 2009 as a salaried employee and the number of hours Mr. Graham spent performing personal services in connection with petitioners' rental real estate activity. For petitioners (filing joint returns), proper substantiation of the number of hours Mr. Graham spent as a salaried employee is important because these hours serve as a benchmark against which to compare the number of hours spent in connection with petitioners' rental real estate activity. To be entitled to the deductions here in dispute, petitioners must establish that the hours Mr. Graham spent in connection with petitioners' rental real estate activity exceed the hours he spent performing personal services as a salaried employee. See sec. 469(c)(7)(B)(i).

Petitioners asserted that Mr. Graham was a real estate professional, and Mr. Graham testified at trial to this effect. He insisted that what was recorded in the spreadsheets represented what he did during the years in issue. Mr. Graham's time

estimate is suspect given his employment as a sales consultant in a business unrelated to petitioners' real estate activity. The trial record does not reflect any objective measure of time he spent as an employee of Alltel or Verizon Wireless and he described only in general terms how his time was spent there. He did not maintain a calendar that tracked his activities and appointments, he did not log the number of hours he worked remotely for Alltel, and the letters he submitted from his former colleagues substantiating his hours were based on a letter he drafted to "meet the requirements of the IRS." Some of his former Alltel colleagues who submitted testimony were not even employed at Alltel during the years at issue.

Mr. Graham's rental management spreadsheets also suffer from a lack of proper substantiation by contemporaneous verification or other reasonable means. The regulations state that hours of participation may be established by "[c]ontemporaneous daily time reports, logs, or similar documents". Sec. 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988). But participation can also be established by other reasonable means, such as "appointment books, calendars, or narrative summaries" that identify the services performed and "the approximate number of hours spent performing such services". Id. Although the regulations permit some flexibility regarding the evidence required to prove material participation, we are not required to accept postevent

"ballpark guesstimates", nor are we bound to accept the unverified testimony of taxpayers in the absence of adequate documentation. See, e.g., Lum v. Commissioner, T.C. Memo. 2012-103; Estate of Stangeland v. Commissioner, T.C. Memo. 2010-185.

Mr. Graham did not keep a contemporaneous log or appointment calendar tracking his real estate services. His spreadsheets were created later, apparently in connection with the IRS audit. Furthermore, the entries on the spreadsheets were improbable in that they were excessive, unusually duplicative, and counterfactual in some instances. As all petitioners' rental properties were single-family homes, reporting 7 hours to install locks or 30 hours to place mulch on a single property (amongst other suspect entries) are overstatements at best. Performing maintenance for a tenant that did not pay rent for an entire year with no record of "past due rent" or any attempt to collect rent (as Mr. Graham would note on entries for other rental properties) seems dubious. Mr. Graham's lack of an explanation at trial as to this discrepancy does not help. On consideration of the entire record, we do not accept Mr. Graham's claims of the hours devoted to his rental real estate services.

Because we are not persuaded that Mr. Graham spent more time on petitioners' rental real estate activity during the years in issue than he did working

as a sales consultant, he has not established that he is a real estate professional. We also cannot rely on the spreadsheets to prove that Mr. Graham spent more than 750 hours on petitioners' rental real estate activity. Petitioners' rental real estate activity, therefore is per se passive, and they may not offset the losses against their other income.

III.    Section 6662(a) Penalties

Section 6662(a) and (b)(2) imposes a 20% accuracy-related penalty on any underpayment of Federal income tax which is attributable to a substantial understatement of income tax. An understatement of income tax is substantial if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

Under section 7491(c), the Commissioner bears the burden of production with regard to penalties and must come forward with sufficient evidence indicating that it is appropriate to impose penalties. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). If the understatements of income tax for the years in issue are substantial, respondent has satisfied the burden of producing evidence that the penalty is appropriate. Respondent's deficiency determinations for tax years 2008 and 2009 are each in excess of $5,000, which is greater than 10% of

the tax required to be shown on petitioners' return for each of these years. Thus respondent's burden of going forward has been satisfied.

Once the Commissioner has met the burden of production, the taxpayer must come forward with persuasive evidence that the penalty is inappropriate because the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 448-449. The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all of the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs.

We conclude that the exaggerated entries in petitioners' spreadsheets negate their good faith in claiming deductions for rental real estate losses against their earned income. Petitioners offered no persuasive argument or evidence to show that there was reasonable cause for the deductions claimed and that they acted in good faith with respect to the underpayments. Consequently, petitioners are liable for section 6662(a) penalties for substantial understatements of income tax for 2008 and 2009.

We have considered the other arguments of the parties, and they are not material to our conclusions.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.